### THE PEOPLE *vs.* DAVID HOAG.

In alleging the commission of perjury, the day laid in the indictment is not
material, and the offence may be proved to have been committed on any
other day, before or after the time laid.

This was an indictment for perjury on an arbitration, on a
written submission to arbitrators.   The indictment alleged the
perjury to have been committed on a particular day in October,
1819, under a *videlicet.*   The written submission, when pro-
duced, was dated subsequently to the time when the perjury
was, by the indictment, charged to have been committed..

*J. Lynde* and *A. J. Sperry,* for the prisoner, insisted that the
day was material, and that the perjury being laid to have been
committed on a day previous to that on which, by the evidence,
it appeared the submission was made, the variance was fatal.

*J. Palmer,* (District Att'y,) and *W. Swetland,* for the people.

WALWORTH, *Circuit Judge,* said the day laid in the indictment was not material, and the offence may be proved to have been committed on any other day, before or after that time.

The jury, without leaving the bar, acquitted the prisoner on the merits.

---

CLINTON OYER AND TERMINER, July 2, 1823. Before *Walworth,* Circuit Judge, and the County Judges.