UNITED STATES v. MATTHEWS.

(District Court, S. D. New York. March 20, 1895.)

CRIMINAL LAW—PLEADING—INDICTMENT FOR PERJURY AS A WITNESS—TIME IMMATERIAL.

 The indictment charged perjury by the defendant in his testimony as a witness on a trial, "to wit, on June 7, 1894." The former trial lasted several days and it was truly described and identified. By the stenographer's notes on the former trial, produced in evidence, it appeared that the defendant testified on June 6th and 7th, but that the false testimony was given on the 6th and not on the 7th as charged. On motion in arrest of judgment, *held* that, as the perjury was not charged to have been contained in a written instrument, the variance in date was immaterial.

This was an indictment against John Matthews for perjury.

Wallace Macfarlane, U. S. Dist. Atty., and John O. Mott, Asst. U. S. Atty., for the United States.

Hess, Townsend & McClelland, for defendant.

BROWN, District Judge. The defendant was indicted for perjury in his testimony as a witness on a previous trial. The indictment, after properly setting forth the court, and the trial, with time and place, states that the defendant, to wit, on the 7th day of June, 1894, appeared as a witness in his own behalf, and being sworn gave material testimony, which the indictment alleges was false. On the present trial it appeared that the former trial continued during several days, and that the accused was sworn as a witness on the 6th day of June, and testified on that day and also upon the 7th, but that the testimony alleged to be false was given upon the 6th and not on the 7th, as stated in the indictment. The question as to a fatal variance being reserved, the jury found the defendant guilty.

Numerous authorities have been cited in support of the motion to set aside the verdict on the ground of a fatal variance. I do not find those cases precisely applicable. Where the indictment alleges the perjury to have been committed in some matter of record, or in a deposition, or affidavit, of a certain specified date, and the record or other writing, on being produced, as in such case it must be produced, shows a different date from that alleged in the indictment, the variance is fatal, because the date of the record is a material part of its identity. But where the perjury is not alleged by the indictment to be upon any matter of record or other written document, and no written document is necessary for proof of the offense, I do not find that the day assigned in the indictment, when stated under a videlicet, as in this case, is deemed material, or that the rule as respects perjury is different from the rule relating to indictments for other crimes.

In the present case, the perjury charged was in the defendant's testimony in a specified cause, and at a time and place sufficiently identified to prevent any possibility of mistake or surprise as to the offense intended to be charged. The charge of perjury was not founded upon any record or written instrument. The indictment does not refer to any record or other writing, and no record or other writing was necessary for the proof of the offense. The stenographer who took notes of the former trial was, indeed, sworn as a witness, produced his original stenographic notes of the testimony, swore to their correctness, and to the true date of the defendant's testimony. But such notes do not form a part of the record of the trial, though a transcript of them may be made such, for special purposes. The indictment made no reference to them, and their use was but one of the forms of oral proof, and the transcript originally made stated the same date as the indictment. In such cases proof of the precise day as stated under a videlicet in the indictment seems not to be material. Rex v. Coppard, 3 Car. & P. 59; 3 Russ. Crimes, p. 41 note g; 2 Whart. Cr. Law, § 1291; Keator v. People, 32 Mich. 484, 487; Wood v. People, 1 Hun, 381, 384; People v. Hoag, 2 Parker, Cr. R. 9.

The motion must, therefore, be denied.