State v. Fannon.

# THE STATE v. FANNON, Appellant.

158 149
102a 264

### Division Two, November 12, 1900.

1. **Perjury: MATERIALITY OF FALSE TESTIMONY.** It is reversible error in a perjury case to leave it to the jury to determine whether or not the alleged false testimony was material to the issues to be determined at the trial at which it was given. It is for the court to say whether or not the fact sworn to was material to the issues in that case.

2. **Reasonable Doubt: REFUSING INSTRUCTION ON.** The defendant in every criminal case is entitled to a plain, unequivocal instruction that, if the jury have a reasonable doubt of his guilt, they should acquit him. To give the State's instruction which merely defines reasonable doubt, and refuse the defendant's instruction that he is entitled to an acquittal if the jury have a reasonable doubt of his guilt, is reversible error.

3. **Witnesses: EXCLUSION: PUNISHMENT.** Unless the defendant or his attorney is in some way a party to the violation of the court's order removing all witnesses from the court room during the trial, the defendant ought not to be deprived of his testimony, but the witness punished in some other way.

4. ————: ————: **UNIFORM RULE.** The rule removing witnesses from the court room during the trial, should be enforced against the witnesses of both sides alike. It is unfair to refuse to permit a witness of defendant who had remained in the court room during the trial, to testify, and permit the State to recall a witness who, after giving his testimony in chief, had remained in the court room.

5. **Perjury: EVIDENCE: UNSIGNED AFFIDAVIT.** An unsigned affidavit accompanying the set-off of the defendant in the other case is no evidence that he swore falsely in that case.

6. ————: ————. The fact that a witness in his testimony valued his wood at twenty-five cents a load is no evidence of perjury. It is error to admit in the perjury case evidence that the defendant in the other case valued his property too highly.

7. ————: ————: **TESTIFYING FROM MEMORANDUM.** It is not admissible to permit a justice of the peace in a perjury case to refresh his memory by using an exhibit filed by defendant in the other case.

Appeal from Maries Circuit Court.—*Hon. T. B. Robinson,* Judge.

REVERSED AND REMANDED.

*Joseph J. Crites* for appellant.

(1) The court and not the jury must determine whether the fact sworn to was material in the judicial proceeding in which the perjury is alleged to have been committed. An instruction, therefore, which submitted this question to the jury was erroneous. The court should have declared to the jury what part of the alleged false oath was material to the questions pending before the justice. State v. Williams, 30 Mo. 364; State v. Higgins, 124 Mo. 640. (2) Under the numerous rulings of this court defendant was entitled to a plain and clear direction of their duty if they entertained a reasonable doubt of the defendant's guilt. State v. Clark, 147 Mo. 22; State v. Gonce, 79 Mo. 600; State v. Gullette, 121 Mo. 447. The instruction asked was a proper one. State v. Clayton, 100 Mo. 516; State v. Brooks, 92 Mo. 542; State v. Nueslein, 25 Mo. 111; State v. Vansant, 80 Mo. 67. While it is true that the term "reasonable doubt" was defined on instruction for the State, at no place was the jury told that if they entertained a reasonable doubt they should acquit. (3) It is a well-settled rule of evidence that a witness will be permitted to speak only of those facts of which he has a personal knowledge and recollection. He is at liberty, however, to refresh and aid his memory, if it is in fault, by consulting on the witness stand a writing or memorandum made by himself or some other person, if, after examination, he is able to testify from his own recollection thus renewed and revived. In this case the witness was not only permitted to refresh his memory, but to keep on reading from

a paper, about which there was not the slightest evidence of making, by whom made nor the time of making, or anything in fact giving it even remote connection to the case.    Underhill on Evid., sec. 337; 1 Greenl. on Evid., sec. 437; Bank v. Owen, 101 Mo. 554; Anchor Mill Co. v. Walsh, 37 Mo. App. 567; Robertson v. Reed, 38 Mo. App. 32.    (4)    It was grievous error on the part of the court to exclude the testimony of witness Nagley.    The materiality of the witness's testimony for the defendant is shown plainly by the evidence. It was from the lips of this witness that the defendant expected to substantiate his claim against Love, yet for no fault of the defendant this very material evidence from this witness was not permitted to go to the jury. Underhill on Evidence, 467; 1 Wharton's Evidence, sec. 491; 2 Phillips on Evidence, 887; 2 Best, Evidence, sec. 636; O'Bryan v. Allen, 95 Mo. 68; Keith v. Wilson, 6 Mo. 435; Hubbard v. Hubbard, 7 Oregon 42; Hey v. Com., 32 Grat. 946; Davenport v. Ogg, 15 Kan. 363; Bell v. State, 44 Ala. 393; Roberts v. Com. (Ky.), 22 S. W. Rep. 845; State v. Thomas, 111 Ind. 516; Smith v. State, 4 Lea. (Tenn.) 428; Taylor v. State, 130 Ind. 66; State v. Ward, 61 Vt. 179; Cook v. State, 30 Tex. App. 607; Lassiter v. State, 67 Ga. 739; Pleasant v. State, 15 Ark. 624.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for the State.

(1)    Even admitting that it is the duty of the court to pass upon the materiality of the testimony before the justice of the peace, we fail to see where defendant could be prejudiced by having the question also submitted to the jury. The fact that the trial court passed upon the materiality of the testimony when the motion to quash the indictment was before him, is sufficient to excuse the defendant from being in anywise injured. To require the jury also to pass upon it and

find it material was inviting less than a favor thrown at the feet of defendant to which he was not entitled under the law.   It was the commission of an error in defendant's favor, and as to that he can take no advantage.   This court has so held in all cases where such error has been indulged.   The court having found the statements to be material, the fact of submitting the question to the jury would not change their materiality, it matters not what the jury may have thought about it.    In order to constitute error reversible, it must prejudice or tend to prejudice the rights of the defendant in some way.   (2)   The instruction based upon the question of reasonable doubt was refused, as shown by the record, on the ground that an instruction on that question had already been given.   In this no error was indulged in.   Having been fully included in instruction number six offered by the state it became the duty of the court to refuse it.   State v. Edie, 147 Mo. 535; State v. Jones, 78 Mo. 278; State v. Anderson, 89 Mo. 312; State v. Jackson, 96 Mo. 200; State v. Elliott, 98 Mo. 150; State v. Thomas, 99 Mo. 235; State v. Gamble, 119 Mo. 427.    It has been frequently held by this court that when the instructions as a whole, declare the law, omissions in the way of particular instructions will not constitute grounds for reversal.   State v. Edie, 147 Mo. loc. cit. 545; State v. Edwards, 71 Mo. 312; State v. Hatfield, 72 Mo. 518; State v. Mathews, 98 Mo. 125 ; State v. McNamara, 100 Mo. 100; State v. Minton, 116 Mo. 605.   (3)   Squire Lacy, as stated by him in his evidence, referred to the paper or written instrument to refresh his memory.  ·This he had a perfect right to do.  While the instrument was not written by the witness, yet it was a document that had been filed in his court as justice of the peace; it had been in his possession since defendant testified before him; it was filed by defendant and was of such character as to entitle the witness to refer to it while testifying.   In fact it was the basis of defendant's false

swearing.   There is no question but that the squire knew it to be the paper containing the set-off filed by defendant and on which defendant based his testimony while before him. Why could he not then use the instrument to refresh his memory?   We submit there is no reason for its exclusion. He knew it to be genuine.   (4)   The court refused to permit witness Nagley to testify for the reason that he had disregarded the order of the court in prohibiting the witnesses in the case from being present in the court room during the trial.   The court has the right to make the order, and the right to use his discretion in its enforcement.   He saw proper to refuse the right of the witness to testify, and as no abuse of his discretion is shown by defendant he can not now complain.   Aside from this, defendant fails to show prejudice in the action of the court in exercising his discretion.   He made no statements or offers as to what was intended to be proven by this witness; the trial court was and this court is unable to tell whether defendant was damaged.   While it is true defendant sets up the refusal to allow the witness to testify, as ground for a new trial, yet he failed to set out the facts he intended and expected to prove or show in evidence by him.   Until this is done he can not contend error committed.   By permitting his witness to remain in the court room, defendant practically admits the testimony of such witness to be of no value to him.   This fact is strengthened by his failure to state such facts as he intended to prove, showing the value of the witness, and defendant's innocence in the transaction.   Until this is done the defendant is charged with an attempt to trifle with the deliberations of the court during actual trial.

GANTT, P. J.—The defendant was indicted for perjury, in the circuit court of Maries county.   He was duly arraigned, pleaded not guilty, and was convicted.   He appeals to this court.

The indictment is sufficient under the statute of this State, and it is not necessary to set it out for the purposes of this decision.    In substance it charged that defendant corruptly and falsely swore that one John E. Love had bought and received from defendant 120 loads of juggles at 25 cents per load, during the years 1891, 1892, 1893, 1894, 1895 and 1896, whereas said Love did not buy said "juggles" at said price.    The evidence tended to prove that "juggles" consisted of timber wasted in making railroad ties.    Defendant was engaged in the tie business and the evidence tended to show that Love sent his wagons at various and sundry times during the years mentioned to the tie camp of defendant, and hauled away these juggles for firewood; that they were taken without any one keeping the account and often when defendant was not present.    Defendant was sued by Love before a justice of the peace on a small note for $13.50, and pleaded as a set-off or counter-claim the indebtedness of Love to him for the price of the juggles, which he stated amounted to 120 loads at 25 cents a load.    The testimony of the justice of the peace and Love's attorney, was to the effect that defendant swore to his counter-claim, and it was this testimony which was averred to be willfully and corruptly false.    Numerous errors are assigned for reversal of the judgment.

I.    The instructions are challenged first because the court submitted to the jury the materiality of defendant's evidence to the issue on trial before the justice.    Each of the first four instructions given by the court in behalf of the State left it to the jury to determine whether the alleged false evidence of defendant in the justice's court was material to the question to be determined by the jury in the justice's court.

It was decided by this court in an opinion by Judge SCOTT in State v. Williams, 30 Mo. 364, that "the court, and

not the jury, must determine whether the fact sworn to was material in the judicial proceeding in which the perjury is alleged to have been committed, and an instruction, therefore, which submitted this question to the jury was erroneous." That decision has never been questioned, criticised or overruled by this court, but has ever since been regarded and accepted as the law in this State.

Mr. Bishop in his "New Criminal Law," section 1039a, announces the same doctrine.

In Cothran v. The State, 39 Miss. 541, the Supreme Court of Mississippi said: "Where the record of that suit was produced, and the issue joined between the parties thereto brought before the court and jury, and his statement on oath as a witness in said cause proven, its materiality to support that issue was a question of law for the court and not a question of fact for the jury," and accordingly it was held reversible error to have submitted the materiality of the question to the jury. [People v. Jones, 1 Mich. N. P. 141.]

As said by Bishop, "Like any other question of law it may be so mingled with fact that it should be submitted under due instructions to the jury."

In State v. Higgins, 124 Mo. 649, the trial court gave the proper instruction as to the materiality of the testimony to the issue but erred in not requiring the jury to find that the testimony was "willfully and corruptly false." The court erred in giving these instructions.

II. Complaint is made that the court erroneously refused defendant's third instruction as originally offered and erred in erasing the last clause thereof. There is nothing in the record to show that the court erased the clause mentioned, but if it did, no harm resulted therefrom, as the instruction embraced every principle after the erasure that it contained prior thereto.

III. The circuit court refused an instruction which re-

quired the jury to acquit the defendant if they had a reasonable doubt of his guilt although defendant expressly asked such instruction.

It is true that the learned judge defined reasonable doubt in the sixth instruction as meaning a substantial doubt arising from the evidence and not the mere possibility of innocence. That instruction was given for the State and fell far short of the request made by defendant. This court in State v. Clark, 147 Mo. 22, reversed the judgment upon the single ground that the court failed to give one instruction that unless the jury found the defendant guilty beyond a reasonable doubt they should acquit him. The defendant in every criminal case is entitled to a plain unequivocal instruction that, if the jury have a reasonable doubt of his guilt, they must acquit him. By refusing defendant's instruction that defendant was entitled to an acquittal if the jury had a reasonable doubt of his guilt, and merely defining reasonable doubt, the court gave an undue prominence to the State's case and at the same time ignored the view that should have been given defendant's side. To deny the defendant so plain a right, as was done in this case, must be held reversible error.

IV. Lincoln Nagley was called as a witness by defendant, but it appearing that in violation of the order of the court he had been in the court house during the examination of several witnesses, the court excluded him. It does not appear that the defendant or his counsel were aware of this violation of the rule by the witness. It further appears that a witness for the State had testified and then remained in the court room and was afterwards recalled. The same objection was made but the court permitted him to testify. We are of opinion that inasmuch as the defendant was no party to the violation of the rule by Nagley the court should have permitted him to testify and punished him in some other way. [O'Bryan v. Allen, 95 Mo. 68.] At any rate the same rule

should have been enforced in the same way as to the other witnesses.

V. Over and against the objections and exceptions of the defendant, the State was permitted to read in evidence the original summons issued by the justice of the peace in the suit on the note in the case of Love v. Fannon, the defendant, the return on the writ, and an unsigned affidavit of defendant to his set-off. The pretended affidavit on its face did not purport to be the act of the defendant. Moreover, he was not on trial for and had not been indicted for making a false affidavit. The indictment charged him with swearing fasely on the trial and this evidence did not tend to prove that allegation in the indictment. No statute required the defendant to make such an affidavit, and as he did not sign it it seems highly probable that the "learned justice" prepared the paper himself as an evidence of its filing. It should have been excluded. It was clearly hearsay and the fact that the justice had written it did not make it any the less so.

VI. The testimony of Clymer, Love's attorney, as to the value of juggles, was improperly admitted. He did not know the market value of juggles. Indeed, none was established. Defendant was under no obligation to sell his juggles to Love at the latter's valuation and the fact that defendant valued his wood at twenty-five cents a load was no evidence of perjury. The evidence of the defendant on his trial under this indictment was that the juggles were worth twenty-five cents a load to him and Love had continued to haul them in defendant's absence. There will be no end to prosecutions for perjury if every man is to be indicted because he places a higher valuation on his property than some neighbor may put on it. While it is not our function to determine questions of fact, we are justified in saying that the testimony of witnesses that a wagon load of wood, even of chips, was only worth 5 or 6 cents, is utterly incredible.

As the case must be reversed for errors already noted, we add that if this case is further prosecuted no such liberality should be shown against the prisoner as to permit the justice of the peace to swear by an exhibit filed by defendant in the case to refresh his memory. This witness, in view of all the circumstances should have been required to testify to the testimony of the defendant, without the aid of defendant's off-set. He was by no means an unwilling witness, and the court should not have permitted him to be led as he seems to have been in giving his evidence.

The judgment of the circuit court is reversed and the cause remanded for a new trial. *Sherwood* and *Burgess, JJ.*, concur.