## Wallace Saucier v. State of Mississippi.

### [48 South. 840.]

1. Criminal Law and Procedure. *Perjury. Evidence. Declaration of third person. Flight of another. Clothing. Alibi.*

On a trial for perjury, the charge being that the defendant falsely swore to an alibi for a third person on trial for robbery, it is not admissible for the state to offer in evidence:

(a) The declarations of the party tried for robbery, made in the absence of the defendant; nor

(b) The flight of the defendant in the robbery case; nor

(c) The judgment of forfeiture on the appearance bond of the alleged robber; nor

(d) The clothing worn by the party charged to have been robbed, although the garments might tend to show that he was robbed.

2. Same. *Same. Indictment. Date of false swearing. Amendment.*

Where in a prosecution for perjury the date on which the offense is charged to have been committed is not materially descriptive of the alleged false swearing, the indictment may be amended by substituting one date for another, so as to conform to the proof.

3. Same. *Same. Materiality of false swearing. Question of law. Not to be left to jury.*

On a trial for perjury the question of the materiality of the alleged false swearing is one of law to be determined by the court, and it should not be submitted to the jury.

4. Same. *Same. Quantum of proof. Instructions.*

On a trial for perjury the court should charge the jury in an instruction for the state that the crime cannot be established by less than the testimony of two witnesses or one witness and corroborating circumstances.

From the circuit court of Harrison county.

Hon. William H. Hardy, Judge.

Saucier, appellant, was indicted for perjury, convicted, sentenced to the penitentiary for three years, and appealed to the supreme court.

The indictment charged that Saucier, the appellant, "on the

26th day of August, 1908, at a term of the justice of the peace court, and in said court," swore falsely while testifying as a witness in the trial of one Bryant Lemon charged with the robbery of one Belaise. On the trial of Saucier it developed that the court of the justice of the peace was held on August 27, 1908, instead of the day mentioned in the indictment, whereupon, the state, over appellant's objection, was allowed to amend the indictment to correspond to the proof. In the supreme court this action of the court below was assigned as error, and also the court's allowing in evidence on the trial, over appellant's objection, testimony relative to certain conversations between Bryant Lemon and certain third parties held shortly prior to Lemon's trial before the justice of the peace, the subject matter of which in no manner concerned Saucier, these conversations in fact not being in Saucier's presence or hearing; and the allowing evidence on the trial, over appellant's objection, to show that Bryant Lemon had fled the country, this being shown not only by oral testimony but by the introduction of the judgment of forfeiture on Lemon's appearance bond.

*J. H. Mize,* for appellant.

The court below committed error in allowing the state to show, by the testimony of George Malone, Emma Speers and Lillian Gardner, different conversations held between Bryant Lemon and themselves. These conversations concerned the actions of Lemon and Belaise and a negro hack driver enroute to a disreputable woman's house. Appellant's counsel repeatedly objected to the wandering narratives of the witnesses. The testimony was in itself irrelevant to the issue of Saucier's guilt or innocence of perjury, and concerned conversations held without the presence or hearing of Saucier. The court should have excluded it. *Brown v. State,* 57 Miss. 424.

The court below further erred in admitting in evidence the fact that Bryant Lemon had forfeited his appearance bond and had fled from justice. Whether Lemon, a person charged with

robbery, had or had not fled from his trial in the circuit court could in no way affect the question of Saucier's perjury. Yet the court below actually allowed the state to introduce before the jury in the case at bar the judgment of forfeiture taken on Lemon's bond· Hence, the judgment against appellant must be reversed. *Pulpus v. State,* 82 Miss. 555, 34 South. 2; *People v. Stanley,* 47 Cal. 114; Wigmore, Ev. § 276, c.

The court below allowed the state to introduce before the jury the pantaloons of Belaise, whom Bryant Lemon was accused of robbing. This was so palpably erroneous that reference to decisions is useless.

The first instruction granted in favor of the state is erroneous. It tells the jury that if they find Saucier to be guilty they must convict, yet it gives the jury no guide as to what amount of evidence the state must show in order to convict. It should have contained the qualification that the jury must, beyond a reasonable doubt, believe from the evidence as expressed through two witnesses or one witness and corroborating circumstances, that the appellant swore falsely. And the attention of the supreme court is called to the clause, "and that the same was a material matter in said cause," in the instruction. The jury were, by this clause, left to determine the materiality of Saucier's testimony before the justice of the peace. Yet this question of materiality of such testimony was not for the jury but for the court. *Cothran v. State,* 39 Miss. 541; *United States v. Singleton,* 54 Fed. 488; *State v. Swafford,* 98 Ia. 362; *Stanley v. United States,* 1 Okl· 336; *State v. Fannon,* 158 Mo. 149.

The indictment charged that Saucier, the appellant, committed perjury on August 26, while the evidence tended to show that the offense, if it occurred at all, was on August 27. The appellant strenuously objected to the state's amending the indictment, but without avail. Code 1906, § 1508, with reference to amendments of indictments will not apply, for the reason that it has no reference to amending an indictment as to the

time when an offense was committed. *Kline v. State,* 44 Miss. 317; *Hodnett v. State,* 66 Miss. 26. That the day on which the perjury was committed is a material element of the allegations of the indictment for perjury, is well settled. *Rhodes v. Commonwealth,* 78 Va. 696; *United States v. McNeal,* 1 Gall. (U. S.) 387; *United States v. Law,* 50 Fed. 915; *State v. Lewis,* 93 N. C. 581; *Lucas v. State,* 22 Tex. App. 322. In *Whittle v. State,* 79 Miss. 327, it was held that, in a trial for perjury, the state must prove by the record of the trial of the cause, if in existence, that the person upon whose trial the alleged perjury was committed, was tried on the day alleged in the indictment for perjury. And see *Matthews v. United States,* 161 U. S. 500.

*George Butler,* assistant-attorney general, for appellee.

The indictment as originally drawn charged that appellant "on the 26th day of August, 1908, at a term of the justice of the peace court swore falsely." Upon the trial it developed that the justice court was held and the alleged false testimony given on August 27, 1908, and upon motion of the district attorney and over appellant's objection, the indictment was amended accordingly.

For the state it is contended in the first place, that no amendment of the indictment was necessary. Time is certainly not of the essence of the offense of perjury. Time enters only into certain classes of arson and other crimes mentioned in the Code. The trial before the justice of the peace was a preliminary trial. It was as truly perjury to swear falsely on the 26th of August as it was on the 27th of August. The crime might be charged as being perpetrated on any date. The date might have been wholly omitted, or it might have been laid on an impossible date or a day that never happened, and the indictment for that reason would not have been demurrable. Code 1906, § 1428.

Counsel for appellant cites an array of authority holding that in an indictment for perjury the day on which the perjury was

committed must be duly laid, and that it is a material element of the crime. But he seemingly overlooks the fact that at common law, and independent of a statutory provision to the contrary, the date of the commission of any crime must be laid on a day certain· 1 Bishop, Criminal Practice, 387, 388.

In *State v. Offutt,* 4 Blackf. (Ind.) 355, it was held in a perjury charge that the exact date must be laid, following the common-law doctrine of that state, as to laying the date of all offenses. But subsequently this holding has been seemingly repudiated.

The Virginia court in *Rhodes v. Commonwealth,* 87 Va. 698, following the case of *United States v. Bowman,* 2 Wash. 328, and the Maine court in the case of *State v. Fenlason,* 79 Me. 117, seemingly held that time was a material element of the offense of perjury, but in those cases the error committed was that the allegation of time was descriptive of the offense, as clearly pointed out in Bishop, Crim. Law Prac. 401, 488, 2 Crim. Prac. 911. In the instant case the date of the alleged commission of the crime is not part of the description of the offense. So that we say that unless the allegation of time is descriptive of the offense it need not be laid. *State v. Peters,* 107 N. C. 876; *Lucas v. State,* 27 Tex· App. 322; *State v. Ah Lee,* 18 Or. 540; *Commonwealth v. Monahan,* 8 Gray, 119; *Roberts v. People,* 99 Ill. 275. In 16 Ency. Pl. & Pr. 348, it is said that "By the weight of authority a variance between the day charged in the indictment as that on which the testimony was given and the day proved on the trial, is immaterial" and the cases of *Commonwealth v. Loper,* 113 Mass. 393; *Keaton v. People,* 32 Mich. 484; *Lucas v. State,* 27 Tex. App. 322; *Wood v. People,* 3 Thomp. & C. (N. Y.) 506, are cited as supporting the text. So that we say it was not necessary to amend the indictment and of course any amendment made under those circumstances would be harmless. *Martin v. State,* 89 Miss. 633, 47 South. 426.

The next assignment brings into review the admission of cer-

tain conversations of certain witnesses with Lemon, while appellant was not present. It is true that in *Brown v. State,* 57 Miss. 424, seemingly the admission of such testimony was condemned. But it occurs to us that the truth or falsity of appellant's testimony depends largely upon the guilt or innocence of Lemon. In other words, the state did not attempt to account for the whereabouts of appellant during the time in question, but did undertake to account for Lemon during that time and to show that appellant was not with him. Appellant was not on trial for robbery. If he had been, this testimony would have been clearly incompetent. But where the state is attempting to show the falsity of appellant's testimony, by showing the whereabouts of Lemon during the whole time in controversy, remembering that the guilt of Lemon might be shown, we contend that this testimony was competent. All the cases bearing upon the point that we have been able to find are collected in 9 Ency. Evidence, notes, page 766, and in the case of *Martin v. Texas,* 33 Tex. App. 317, which is a direct authority for our position here.

It was proper to prove that Beleasie had been robbed. That was the crime being inquired into at the time the perjury by appellant was committed.

It is said by appellant that the state's first instruction is erroneous, because it omits all reference to the quantity of proof, etc., and secondly because the materiality of the appellant's testimony was submitted to the jury. In the case of *Brown v. State,* 57 Miss. 424, this court held that an instruction that omitted all reference to the rule requiring testimony of two witnesses etc., was objectionable. But it is there said that "In some parts of the charge the jury should have been informed that before they could convict, it must be shown to their satisfaction by two witnesses," etc., that the testimony was false. That very proposition was embodied in appellant's ninth and eleventh charges, and this error, if error it be, was cured. We say, however, where, as here, more than two witnesses testified to the falsity

of the testimony, the omission to charge on this point when not requested is not error. True, it is that this court in the *Cothran case,* 39 Miss. 541, and the courts of many other states, have held that the question of the materiality of the alleged false testimony is for the jury and while this is admittedly the general rule, its materiality may be a mixed question of law and fact to be submitted to the jury with proper instructions. 22 Ency. 688; *Young v. People,* 134 Ill. 37; *McVay v. State,* 2 Tex. App. 336.

Argued orally by *J. H. Mize,* for appellant, and by *George Butler,* assistant attorney-general, for appellee.

WHITFIELD, C. J., delivered the opinion of the court.

It was error in the court below to permit the state to show, by the testimony of George Malone, Emma Speers, and Lillian Gardner, the different conversations had, in the absence of the appellant, between Bryant Lemon and these parties. This testimony had nothing to do with the guilt or innocence of this appellant on the charge perferred against him, and it could only have tended to inflame the jury against him, by clouding the question of his guilt or innocence on this specific charge with incompetent testimony showing the disreputable conduct of Lemon, with which conduct this appellant is not shown to have any connection whatever. This testimony is expressly condemned in the case of *Brown v. State,* 57 Miss. 424, a case of perjury.

It was also manifest error to allow the state, over the objection of the appellant, to prove that Bryant Lemon had fled, and introduce the judgment of forfeiture on his bond in the trial of this case for perjury. Lemon had been arrested, charged with robbery. Whether Lemon had fled or not had nothing to do with the guilt or innocence of Saucier on this charge of perjury. The case of *Pulpus v. State,* 82 Miss. 555, 34 South. 2, settles this. See, also, 1 Wigmore on Evidence, p. 353, § 276, note "c," and *People v. Stanley,* 47 Cal. 114, 17 Am. Rep. 401.

It was also manifest error to allow the state to introduce in evidence the pants of Beleaise, the man whom Bryant Lemon had been charged with robbing. The court admitted these pants on the ground, as stated in the record, "that Beleasie testified that somebody had robbed him, and therefore his pants were competent, and that it might be in some way connected." It is perfectly obvious that the pants of Beleaise were offered in evidence for no other purpose than to show that Beleaise had been robbed; this being hoped to be shown by the condition of the pants. But what possible relevancy to Saucier's innocence or guilt of perjury had the pants of Beleaise, even if they were in condition to show that Lemon had robbed Beleasie? They are two distinct, disconnected offenses. Indeed, the learned judge below seems, unfortunately, to have confused, throughout the entire trial of this case, the charge against Lemon for robbing Beleaise with the charge against Saucier for perjury, and to have supposed that in some way it was essential to show, or at least competent to show, these things which we have pointed out, on the trial of Saucier for perjury. In all this he was clearly in error, and it is impossible to say, with any certainty, that these errors, when combined, do not constitute reversible error, and that these flagrant errors may not have contributed materially to produce a verdict of guilty.

It was also error to give the first instruction for the state, which is in the following words: "The court instructs the jury, on behalf of the state, that if you believe from the evidence beyond a reasonable doubt that defendant, Wallace Saucier, testified as a witness in the justice of the peace court before H. D. Moore, on the 27th day of August, 1908, on the trial of the case of the State of Mississippii against Bryant Lemon, charged with the robbery of S. E. Beleaise, and that said defendant, Saucier, was sworn by the said H. D. Moore, justice of the peace as aforesaid, to testify to the truth in said matter, and that the said Saucier then and there, under said oath, did wilfully, corruptly, knowingly, and feloniously testify in said court in said cause that he, the said defendant, Saucier, was with the said

Bryant Lemon from 4 o'clock of the evening of August 26, 1908, until the following day, and that the same was a material matter in said cause, and that the said defendant, Wallace Saucier, then and there knew that in fact and truth he was not with the said Bryant Lemon from 4 o'clock of the evening of August 26, 1908, until the following day, you should find the defendant guilty as charged in the indictment.

When the state asked the law applicable to this indictment for perjury, it should, in some of its charges, have told the jury that the assignment of perjury should be established by the testimony of two witnesses, or one witness and corroborating circumstances. The quantum of proof required in perjury is well known, and somewhere in the state's charges that quantum should be stated to be necessary. It is true it is stated in the ninth and eleventh charges for the defense; but, even if it could properly be said that these charges nine and eleven cured this omission in the first charge for the state, it nevertheless remains true that the state ought always, on a charge of perjury, somewhere in its own charges, to state the quantum of proof necessary, in order that the law of the case may be properly given. Suppose no instructions had been given for the defense on this subject; manifestly the case should be reversed for this erroneous charge number one in that attitude of the case. The charge number one for the state in this respect is therefore none the less erroneous. Whether, in view of the fact that the ninth and eleventh instructions were given, this omission in the first instruction for the state on this point would constitute reversible error of itself alone, it is not necessary now to decide.

This instruction is erroneous in a second particular, which is not cured by any instruction given for the defense, to wit: This first instruction left it to the jury to decide whether the assignment of perjury was a material matter in the case. This is expressly held error in *Cothran v. State,* 39 Miss. 541. See *State v. Fannon,* 158 Mo. 149, 59 S. W. 75, also. But this, also, we do not hold reversible error.

Another assignment of error most earnestly insisted upon is that the indictment alleged that the perjury was committed on the 26th day of August, whereas on the trial the evidence showed that it was committed on the 27th day of August, and that this was a fatal variance, not amendable under our statutes. The court allowed the amendment to be made, whereby the indictment was made to charge that the perjury was committed on the 27th day of August. Learned counsel for the appellant, in his very ingenious and able brief, puts the matter as if the day on which the perjury was committed was of the essence of the crime of perjury. This is a misconception, or, as Mr. Bishop calls it, a mistake, in his first volume on New Criminal Procedure (section 401, par. 5), where he says: " 'In swearing,' says the report, 'at a trial before the Circuit Court of the United States, holden at Portsmouth on the 19th day of May, A. D. 1811,' a record which showed this court to have been in that year holden 'on the 20th day of May, the 19th of May being Sunday,' was rejected as not sustaining the allegation. The liability of the pleader incautiously to make the allegation of the time of this offense thus descriptive, and the consequence when he mistakes the date, are probably the origin of the mistake, occasionally appearing in the books, that, speaking in general terms, the common-law indictment for perjury must allege correctly, and the evidence must so prove, the day of its commission, or there will be a fatal variance." It is not that the time or the day on which the perjury is committed is of the essence of the crime of perjury; but if the indictment incautiously alleges one term of court, for instance, when the perjury really occurred at another term, or especially if the prejury was committed in reference to records, depositions, or affidavits, etc., which said records, etc., were to be identified by the day on which they were made, then, if there shall be a variance between the proof and the date shown in such records, etc., or a variance as to when the court really was held, such variance is fatal.

The true doctrine on this subject is very clearly stated in the

opinion of Mr. Justice Peckham in the case of *Matthews v. United States,* 161 U. S. 500, 16 Sup. Ct. 640, 40 L. Ed. 787. That opinion is so valuable on this point that we quote it in full: "The only point suggested by counsel for plaintiff in error upon which to obtain a reversal of the judgment is the fact of the variance between the indictment and the proof as to the day when the alleged perjury was committed. We think the decision of the court below was clearly right. The cases cited by counsel for plaintiff in error, in regard to the necessity for specific and accurate proof of the very day upon which the perjury was alleged to have been committed, were those in relation to records, depositions, or affidavits, which were to be identified by the day on which they were made or taken. Under such circumstances a misdescription of the date of the particular record, deposition, or affidavit has sometimes been held fatal on the ground, substantially, that it has not been identified as the particular one in which the perjury is alleged to have been committed, because the record or other paper itself bears one date and the indictment describing it bears another. It is not the same record, and therefore there is variance, which has been held fatal to a conviction. In this case there was no record which was contradicted by the proof given upon this trial. The trial was described accurately, the parties to it, the court in which it took place, the term, and the time at which it was tried, and the only difference between the allegation in the indictment and the proof in the case is that during this trial, which occupied several days, the plaintiff in error swore on the 6th of June, instead of on the 7th, as alleged in the indictment, to the matter which was alleged to be false. The date upon which the evidence was given, which was alleged to have been false, appeared by the stenographer's minutes, who took the evidence on the trial, to have been the 6th of June. This is no record, and it is not within the principle upon which the cases relied upon by counsel for plaintiff in error were decided. Such a variance as appears in this case is not material. *Rex v. Coppard,*

3 Car. & P. 59; *Keator v. People,* 32 Mich. 484; *People v.
Hoag,* 2 Parker, Cr. R. 9.  It will be seen that the time was
stated under a videlicit in this indictment, although that fact is
probably not very material.  The opinion written by the learned
judge in denying the motion for a new trial and in arrest of
judgment says all that is necessary to be said in this case, and
we concur entirely in the conclusion reached by him."  The
same doctrine is laid down in 2 McClain on Criminal Law,
§ 882, and in 16 Ency. Pl. & Pr. p. 348, including note 2, and
the authorities therein cited, especially *Commonwealth v. Soper,*
133 Mass. 393, and *Keator v. People,* 32 Mich. 484.

It is to be most especially observed, further, that the indict-
ment in this case nowhere charges that the justice's court was
held on the 26th day of August.  The allegation, so far as time
is concerned, is merely, and only, that Saucier, the appellant,
committed the perjury on the 26th day of August.  There is no
allegation that the court was held on the 20th day of August.
It is simply averred on this piont in the indictment that Wallace
Saucier, late of the county aforesaid, on the 26th day of August,
A. D. 1908, at a term of the justice of the peace court held in
the city of Gulfport, supervisor's district 2, Harrison county,
Miss., and presided over by H. D. Moore, justice of the peace
for said supervisor's district, in said county and state, in said
court of law, in case of the State of Mississippi against Bryant
Lemon, charged with robbery, testified, etc.  The "then and
there" refer to the time of the alleged commission of the perjury
by said Saucier, not to any time when the court was held.
Besides all which, it is further to be observed that there is no
particular term of court of a justice of the peace when such
court is held as a committing court.  There is, therefore, not in
this case any allegation as to the term of the justice of the
peace's court being held at any particular time, and so no neces-
sity for treating such description of the term of the court as one
not to be contradicted by parol.  In short, when the indictment
is critically examined, it appears that the only point left to be

made is that it was a fatal variance to allow evidence to be introduced to show that Wallace Saucier delivered verbal testimony wherein he committed perjury on August 27th, when the indictment alleged merely that he committed this perjury on the 26th. It is perfectly clear who the presiding justice was, who the parties were to the case, what the case was on trial, that he was properly sworn, etc. The only thing objected to, when the record is closely scanned, is that he is alleged to have committed perjury on the 26th, and the testimony was offered to show that he committed it on the 27th. This is no variance fatal to the prosecution—no variance preventing a proper amendment on an indictment, such as was had.

But for the many manifest errors which we have hereinbefore pointed out the judgment is *reversed* and the cause *remanded.*