ROSA LEE *v.* STATE.

[62 South. 360.]

CRIMINAL LAW. *Perjury. Proof. Corroboration.*

In a prosecution for perjury, the state in order to make out its case must produce two witnesses or one witness with corroborating circumstances to aid the evidence of such witness as to the false swearing charged.

APPEAL from the circuit court of Quitman county.
HON. T. B. WATKINS, Judge.
Rosa Lee was convicted of perjury and appeals.
The facts are fully stated in the opinion of the court.

*Williams, Shelton & Williams,* for appellant.

One instruction was asked and given for the state, and it is respectfully submitted that this instruction was erroneous.

This instruction tells the jury that if they believe beyond a reasonable doubt that Rosa Lee swore that she saw Henry Stewart at her mother's house two or three days after the killing, and Henry Stewart brought the pistol and said he got it off of Wade Robinson the night of the killing; and that if they further believe from the evidence, beyond a reasonable doubt, from the evidence of one witness and corroborating circumstances, or the

evidence of two witnesses, that said statement was false, etc., then they will convict.

This instruction is erroneous in that it assumes that there were two witnesses who testified, when in fact there was only one, Henry Stewart.

It is erroneous, also, in that it assumes that there was corroborating evidence in support of the testimony of the only state witness, Henry Stewart, when his testimony and that of Rosa Lee, stood absolutely alone upon the main parts of the sworn statement of Rosa Lee upon which the perjury is predicated, to-wit, that Henry Stewart came to the house of the mother of appellant two or three days after the killing, brought the pistol and gave it to the mother of appellant; and the only matter in the alleged false statement upon which it is attempted, in any degree, to support the testimony of Henry Stewart is as to the question whether he actually got the pistol from the body of Wade Robinson after the killing, no support being given to his testimony that he did not get the pistol that night before the killing.

Whether he got the pistol from Wade Robinosn or not was immaterial in the decision of the question whether he so stated in the presence of appellant as she testified; and to prove that he did not get the pistol from the body of Wade Robinson after the killing, or even if the state had been able, as it was not, to show that Henry Stewart did not get the pistol before the killing, could not corroborate Henry Stewart, so as to allow the jury to consider this as corroborating Henry Stewart, would be to allow them to assume that Henry Stewart not having in fact got the pistol he would not so state to Rosa Lee, and therefore Rosa Lee testified falsely when she swore that he made the statement, not that Henry Stewart did in fact get the pistol from Wade Robinson that night, but that Henry Stewart said that he got the pistol from Wade Robinson that night; and the point at issue being did Henry Stewart speak certain words, to-wit: "I got the

pistol off of Wade Robinson the night he was killed," we have, in the final analysis the uncorroborated testimony of Henry Stewart that he did not speak those words as the only evidence in the case. See *Lum* v. *State,* 64 Miss. 278.

*Frank Johnston,* assistant attorney-general, for the state.

The instruction granted for the state that is regarded as incorrect and unsound by the learned counsel for the appellant is as follows:

"We, the court, instruct the jury that before they can convict the defendant they must be satisfied beyond any reasonable doubt by the testimony of one witness and corroborating circumstances, or by the testimony of two witnesses, that Henry Stewart did not give the pistol to the wife of Wade Robinson as testified to by defendant on the trial of Henry Lee; and that the testimony of one witness is not sufficient to convict of perjury, but to such testimony must be added corroborating circumstances, all of which must convince the jury beyond a reasonable doubt of the guilt of the defendant."

The criticism of counsel for the appellant is that this instruction assumes that there is the testimony of two witnesses in the case. Of course, the point of the criticism is that the instruction assumes to the jury that there were two witnesses in the case, not on collateral, or corroborating facts, but on the direct point of the question of perjury.

The abstract rule of law is that in perjury cases there can be no conviction, except on the testimony of one witness with corroborating circumstances, or by two witnesses, meaning of course to the main fact or charge. *Brown* v. *State,* 57 Miss. 424.

In *Browns' case, supra,* which was a perjury case, and one on which the state's case seemed to rest upon cir-

cumstantial evidence, the court said: "In some part of the charges the jury should have been informed that before they can convict, it should be shown to their satisfaction by the testimony of two witnesses or the testimony of one witness and corroborating circumstances that the oath was false.

Under that decision it was technically correct for the trial court to instruct the jury as to the doctrine of the law, which requires two witnesses or one witness and corroborating circumstances for a conviction on the charge of perjury.

I do not perceive how the giving of the doctrine of law contained the assumption by the court to the jury that there were in fact two witnesses in the case on the direct perjury charge. This is the precise criticism made by counsel.

If this is a correct criticism of the instruction then it is equally true that the instruction assumes that there was one witness and corroborating circumstances in the case. This criticism is not made by counsel. I respectfully submit to the court that the intention, as well as the effect of the instruction was simply to warn the jury that there can be no conviction in perjury cases, except upon the testimony of two witnesses or one witness and corroborating circumstances. In *Brown's case* this rule or doctrine was not given to the jury at all, by the instructions on either side, and upon this the court said: "That somewhere in the instructions in a perjury case this principle or rule of law should be given to the jury by the court."

COOK, J., delivered the opinion of the court.

From a conviction for the crime of perjury this appeal is prosecuted. A careful search of the record fails to discover any evidence tending to corroborate the evidence of the one witness testifying against appellant. It is true that much evidence was given to show that

the statement of the state's witness, if made, was false in fact. The state thus succeeded in proving that its witness had lied to appellant, if he told her what she swore he did tell her; but none of this evidence proved, or tended to prove, the falsity of appellant's testimony at the former trial.

The issue was: Did the state's witness say what appellant swore he said? The witness testified that he did not, and his testimony was offset by appellant's testimony; and in order to make out its case the state was bound to produce a witness or corroborating circumstances to aid the evidence of its witness. This was not done.

*Reversed and remanded.*