## HARRINGTON *v.* STATE.

[76 South. 143, Division A.]

CRIMINAL LAW. *Documentary evidence. Judicial records.*

Where on a trial in the circuit court for perjury the indictment alleged that the perjury, occurred in a trial of a civil case before a justice of the peace, it was reversible' error for the state to fail to introduce as evidence the record of the judgment of the justice of the peace showing the trial had in the justice court, since the trial of a civil case before a justice of the peace cannot be proven by oral testimony but must be shown by the official record of the judgment rendered in the trial in that court, if obtainable.

Appeal from the circuit court of Forest county.

Hon. Paul B. Johnson, Judge.

E. Harrington was convicted of perjury and appeals.

*Currie & Currie,* for appellant.

The legal question to which we call the court's attention is: There is no legal proof in the record of the trial in the justice court. The judgment rendered in that court was not introduced. The oral testimony of the justice of the peace, attorney Cook, district-attorney Hall and the other witnesses cannot in law be accepted as proof of the trial. The introduction of the affidavit for the writ of seizure for the books, and the writ itself and the return thereon constitute no legal proof of an actual trial of the case. In this state the justice court is a court of record and its proceedings may be proved, in the first instance, only by its records. The judgment is the primary proof of a trial. In the case at bar no excuse was made or offered for not introducing the judgment rendered in the case.

We stand with firmness upon this proposition, and appeal to the courts to hold the state, the great and powerful state, unflinching in its demand for justice, strictly to the rule here invoked. All the oral testimony offered to establish a trial in a justice court should have been excluded on the motion of the appellant. It was objected to, and finally a motion was made to exclude it. The state was put upon notice and had an opportunity to introduce the judgment, the only competent evidence of the trial. If the judgment had been offered it would have been objected to upon the ground that the justice of the peace had no jurisdiction of either the appellant (defendant) or of the books; the subject-matter of the suit, ad the state fearing this attack upon the judgment did not introduce or offer to introduce it in evidence. But regardless of this or anything else, the state could not prove the trial in justice court otherwise than by the

introduction of the judgment, unless it had first shown that the judgment had been destroyed, stolen or lost so that it could not be produced. *Whittle* v. *State,* 30 So. 722, settles this question. 3. As matter of law the state did not prove the trial of the case in justice court.

*Ross A. Collins,* Attorney-General, for the State.

The third question raised by counsel for appellant, that is that the judgment of the justice of the peace court should have been introduced to prove the trial of the case in the justice court and that oral testimony should not have been admitted to prove the fact of this trial, is the only serious question in this case.

This court has held, in *Whitfield* v. *The State,* 76 Miss. 327, 30 So. 722, and in *Davis* v. *The State,* 43 So. 81, that the record in the justice of the peace court should have been introduced. However, in those cases, all the testimony seems to have been oral with reference to the facts in the justice of the peace court, but in the case at bar, the state introduced on the trial in the circuit court the original writ and affidavit, and the original writ of seizure and summons of the defendant requiring his presence before the justice of the peace, on the 3rd day of October, 1916. I submit that this is a sufficient compliance with the rule requiring the best evidence to show the trial in the court where the perjury is alleged to have been committed.

HOLDEN, J., delivered the opinion of the court.

The appellant was convicted of perjury on an indictment charging that he swore falsely and corruptly in the trial of a civil case before a justice of the peace. In the trial of the perjury charge in the circuit court the state failed to introduce as evidence the record of the judgment of the justice of the peace showing the trial had in the justice court. This was error. The

trial of the civil cause before the justice of the peace
cannot be proven by oral testimony, but must be shown
by the official record of the judgment rendered in the
trial in that court, if obtainable. *Whittle* v. *State,* 79
Miss. 327, 30 So. 722.

There may be merit in the contention of appellant
that the court should have instructed the jury that the
testimony of two witnesses, or one witness and corrob-
orating circumstances, is required to convict of per-
jury. *Saucier* v. *State,* 95 Miss. 226, 48 So. 840, 21 Ann.
Cas. 1155. But we do not pass upon this question here,
as we consider it unnecessary to do so.

The judgment is reversed, and case remanded.

*Reversed and remanded.*