JOHNSON *v.* STATE.

[In Banc. No. 21083.]

PERJURY. *Sufficiency of proof of falsity of oath stated.*
  Before an accused can be convicted under an indictment for perjury, the fact that the oath was false must be proved by two witnesses, or by one witness and corroborating circumstances.

APPEAL from circuit court of Alcorn county.
HON. C. P. LONG, Judge.
Elmer Johnson was convicted of perjury, and he appeals.

*Ely B. Mitchell,* for appellant.

*N. T. Currie,* attorney-general, for the state.

STEVENS, J., delivered the opinion of the court.

Appellant was indicted and convicted of the crime of perjury, and from the judgment of the court sentencing him to two years in the state penitentiary this appeal is prosecuted.

The record shows that, some time prior to the indictment an affidavit was lodged in the mayor's court of the city of Corinth, charging appellant with being a vagrant under section 5055, subsec. (c), Code of 1906; section 3332, Hemingway's Code. Immediately upon arrest of the accused under said affidavit, he was tried by the mayor, and during the progress of the trial the defendant testified in his own behalf. At the conclusion of the trial by the mayor the defendant was promptly convicted and placed under bond on a charge of perjury. Thereafter appellant was indicted in the circuit court on the said charge of perjury, the material charge of the indictment being that appellant as a witness before T. E. Henry, mayor of Corinth, in testifying in his own behalf on the said charge of vagrancy, falsely, feloniously, and willfully swore and gave evidence:

"That he the said Elmer Johnson within the three weeks prior thereto had worked twelve days at manual labor for the Churchill Compress Company, whereas in truth and in fact during the three weeks prior to said day he, the said Elmer Johnson, had not worked twelve days for the said Churchill Compress Company, and had not worked more than two days for the said Churchill Compress Company, or for any other person or corporation, but had been guilty of vagrancy during said time," etc.

On the trial under said indictment, Mr. Henry, the mayor, gave evidence tending to support the charge contained in the indictment, while appellant contends that he did not testify in the mayor's court that he had in fact worked twelve days for the compress company during the three weeks prior to the vagrancy trial, but that he had worked as many as twelve days in all, partly for the compress company and on other days for his father. In other words, the mayor gave his version of what the witness swore in the mayor's court, while appellant stated his recollection of the testimony, and these two were the only witnesses who undertook to narrate the testimony that was in fact given by appellant in the mayor's court. The state's case was not proved by the testimony of two witnesses, or by the testimony of one witness and corroborating circumstances. This being true, the present case falls squarely within the ruling of this court in *Lee* v. *State,* 105 Miss. 539, 62 So. 360, and other well-known adjudications. There were no corroborating circumstances to aid the testimony of the mayor. Even a negro vagrant should not be condemned to the penitentiary merely for taking the witness stand in his own behalf in a futile effort to prove his innocence.

Our view of the testimony rendered it unnecessary to pass upon any other point in the case.

The judgment of the learned circuit court will be reversed, and the prisoner discharged.

*Reversed, and judgment here for appellant.*