### WILBUR *v.* STATE.[*]

(En Banc.   Dec. 17, 1928.)

[119 So. 303.   No. 27468.]

---

[*]Corpus Juris-Cyc. References: Criminal Law, 17CJ, section 3702, p. 347, n. 74.

*Bratton & Mitchell,* for appellant.

*J. A. Lauderdale,* Assistant Attorney-General for the state.

Pack, J. Appellant was convicted of perjury and sentenced by the court to the penitentiary for five years, from which conviction and sentence he appeals.

Appellant offered no proof and asked for no instructions at the trial. Only one instruction was given the state, the giving of which constitutes the principal assignment of error: We quote this instruction:

"The court charges the jury for the state that if you believe from the evidence in this case beyond a reasonable doubt that the defendant swore falsely and corruptly at the time and place and in the manner and form as charged in the indictment, you should find the defendant guilty as charged."

Since this was the only instruction asked for in the case it should have correctly announced the rule of evidence—that a charge of perjury must be established by the testimony of two witnesses, or by one witness and corroborating circumstances. *Brown* v. *State,* 57 Miss. 424; *Saucier* v. *State,* 95 Miss. 226, 48 So. 840.

For the error in giving this instruction, the judgment of the court below is reversed and remanded.

*Reversed and remanded.*

Anderson, J. (dissenting). If *Brown* v. *State,* 57 Miss. 424, and *Saucier* v. *State,* 95 Miss. 226, 48 So. 840, are to stand as the law, I agree with the majority opinion that the judgment appealed from should be reversed and

the appellant given a new trial. But, in my judgment, the decision in those cases is unsound. They declare a principle which is squarely in the face of section 793, Code of 1906; section 591, Hemingway's 1927 Code, as construed by this court. That statute prohibits the circuit judge from instructing the jury, except upon the request of the parties. *Lindsey Wagon Co.* v. *Nix,* 108 Miss. 814, 67 So. 459; *Railroad Co.* v. *Messina,* 109 Miss. 143, 67 So. 963, and *Grady* v. *State,* 144 Miss. 778, 110 So. 225. In the *Grady case* the state requested an instruction defining manslaughter, which was refused by the court. The defendant requested no instruction defining manslaughter. The supreme court held that a manslaughter instruction in the case would have been appropriate, and should have been granted if requested by either party, but, inasmuch as the defendant failed to request such an instruction, he could not complain, notwithstanding the court had refused to grant such an instruction at the request of the state. The statute is mandatory. The circuit judge cannot instruct a jury except upon the request of the parties, and the statute applies to all cases whether civil or criminal. It makes no exception. And, of course, it applies to a perjury case with the same force that it does to any other criminal case.

ETHRIDGE, J., concurs in this dissent.