CLANTON *v.* STATE.

Division A. Feb. 5, 1951.

No. 37690 (50 So. (2d) 567)

702

**B. D. Wade**, for appellant.

**George H. Ethridge**, Assistant Attorney General, for appellee.

**Kyle, J.**

Tom Clanton, the appellant, was indicted, tried and convicted at the January 1950 term of the circuit court of Madison County of the crime of perjury. He was sentenced to the state penitentiary for a term of six years. From that conviction and the judgment of the court he has appealed to this court.

The indictment upon which the defendant was convicted charged that, in testifying as a witness in his own behalf in the circuit court of Madison County, at the January term of the court, in the trial of the case of the

Town of Flora v. Tom Clanton, wherein the defendant was charged with the unlawful sale of intoxicating liquor, the defendant had falsely and corruptly sworn that on the day of the alleged sale of intoxicating liquor by the defendant to one Major Warner in the defendant's cafe, in the Town of Flora, one O'. D'. Massey and one Andrew McGee were present in the cafe and saw that no sale of intoxicating liquor was made by the defendant to the said Warner and that the two dollars in currency which were delivered by Warner to the defendant were for change in nickels given by the defendant to the said Warner, when in truth and in fact neither the said O. D. Massey nor the said Andrew McGee was present at the time and place so testified to by the defendant, and that they knew nothing of the events then and there occurring.

The defendant had been tried on the charge of selling intoxicating liquor at the same term of the court and only a few days before the perjury indictment was returned by the grand jury, and had been convicted on the charge of selling intoxicating liquor.

The indictment for perjury was in fact returned only one day after the defendant had been convicted and sentenced on the misdemeanor charge. On the following Monday, when the perjury indictment case was called the defendant filed a motion for a continuance of the perjury case until the next term of the court, and on the same day the defendant filed a motion to quash the indictment. Both of these motions were overruled by the court. The defendant then filed a demurrer to the indictment, which was likewise overruled by the court.

The defendant then filed a motion asking that the presiding judge disqualify himself for the trial on the perjury indictment for the reason that on the day the defendant was sentenced by the court on the conviction for selling intoxicating liquor, the court had made the statement to the defendant that he had submitted testimony of a character and nature that was in contempt of the court and that he would be held in the custody of the

sheriff to await the action of the grand jury for palpable perjury, and that the statement thus made showed that the defendant's case on the perjury charge had been prejudged by the court. The court overruled this motion also and proceeded with the trial of the case.

The evidence is sufficient to show the defendant's guilt beyond every reasonable doubt and the jury was amply justified in returning a verdict of guilty. The testimony of the defendant in the trial of the case of the Town of Flora v. Tom Clanton upon which the indictment for perjury was based, was proved by the court reporter. Major Warner, the witness who had made the purchase of the intoxicating liquor from the defendant in the defendant's cafe on October 13, 1949, testified that at the time he made the purchase of the intoxicating liquor from the defendant in the defendant's cafe, neither O. D. Massey nor Andrew McGee was present in the cafe. Major Warner's testimony was corroborated by the testimony of Dave L. Harper, the town marshal at Flora, and L. V. Russell and C. R. Woolridge, investigators for the federal Alcohol Tax Unit, who were seated in an automobile only a short distance from and within plain view of the entrance into the cafe at the time Major Warner entered the cafe, and who entered the cafe immediately after Major Warner had completed the purchase. O. D. Massey testified as a witness for the State, and in his testimony stated that he was not present in the cafe at any time on the day of the alleged sale of the intoxicating liquor by the defendant to Major Warner, but was at work for I. S. Reed, contractor, in the City of Jackson. Massey stated that the defendant had appealed to him to go to Canton with the defendant on the day the misdemeanor trial was to be held and to testify for him in the misdemeanor trial, and that he had done so to help Tom out of the trouble he was in on the liquor charge. The defendant testified in his own behalf, and stated that he realized he must have been mistaken when he testified in the misdemeanor trial that O. D. Massey and Andrew McGee were

present in his cafe at the time Major Warner was alleged to have purchased the liquor; that after the payroll record of I. S. Reed, contractor, had been checked and it was found that O. D. Massey worked in Jackson all that day for I. S. Reed, contractor, he realized that Massey could not have been in his cafe at the time of the alleged sale of the intoxicating liquor.

As stated above, the evidence was sufficient to justify the verdict of guilty that was returned by the jury on the perjury indictment.

The appellant in his assignment of errors says that the court erred in overruling the motion of the appellant for a continuance, and in overruling the motion of the appellant to quash the indictment, and that the court also erred in overruling the demurrer to the indictment.

██ In his motion for a continuance of the case until the next term of the court, the defendant alleged that during the trial of the case involving the sale of intoxicating liquor which was held only a few days before the filing of the motion for a continuance in the perjury case, the court ordered the defendant's only witnesses, O. D. Massey and Andrew McGee, to be held to await the action of the grand jury on a charge of palpable perjury, that the two witnesses, Massey and McGee, had been indicted on charges of perjury, and that these facts had been widely publicized in and around the courthouse and throughout the county, so that all prospective jurors knew of the charges against the defendant and his two witnesses, and that this fact would prevent the defendant from obtaining an impartial trial. The defendant offered no proof in support of his motion, and there is nothing in the record to show that any of the jurors who were summoned for jury service during the week when the perjury case was to be tried were present at the time the court ordered the defendant and his witnesses, Massey and McGee, to be committed to await the action of the grand jury on charges of perjury. The court's action in

overruling the motion for a continuance was therefore proper.

In support of his motion to quash the indictment, the defendant alleged (1) that while the defendant was being tried on the charge of selling intoxicating liquor the court ordered the defendant's only two witnesses, Massey and McGee, to be held for palpable perjury, and that fact was generally known throughout the courthouse and among all county officials, and it was impossible to keep that fact from being known to the jurors engaged in trying the case; and (2) that the defendant, at the time the statements were made by him upon which the perjury indictment was based, was testifying in his own behalf.

The defendant did not allege in his motion to quash the indictment that any of the grand jurors were present in the courtroom at the time the court ordered the defendant and his two witnesses to be held for palpable perjury. The defendant offered no proof on his motion to quash the indictment; and there is no proof in the record to show that any members of the grand jury were present in the courtroom at the time the court issued the orders for committal of the defendant and his two witnesses, or that any members of the grand jury, if present in the courtroom, were, or might have been, influenced by the action of the court in committing the defendant and his two witnesses to the custody of the sheriff to await the action of the grand jury on charges of perjury. The motion to quash the indictment on the grounds alleged was therefore properly overruled.

The defendant assigned three grounds for demurrer to the indictment as follows: (1) That the indictment did not state as a matter of fact that the sale of intoxicating liquor was made by the defendant, and that such statement was necessary in the statement of the charge of perjury. (2) That the indictment, after alleging that the defendant had falsely and corruptly sworn that Massey and McGee saw that the two dollars in currency were delivered by Major Warner to the defendant for

change in full in nickels, failed to show for what purpose the two dollars were actually delivered to the defendant. (3) That the allegations of the indictment as to the material matter upon which the indictment was based were ambiguous, indefinite and incoherent. ▮▮ It was not necessary that the indictment state as a matter of fact that the sale of intoxicating liquor was made by the defendant, or that the indictment show for what purpose the two dollars in currency were actually delivered by Major Warner to the defendant. The indictment for perjury was not based upon the sale of the intoxicating liquor or the delivery by Major Warner to the defendant of the two dollars in currency. The indictment for perjury was based upon the alleged false swearing by the defendant that O. D. Massey and Andrew McGee were present in the defendant's cafe at the time of the alleged sale of the intoxicating liquor by the defendant to Major Warner. We do not think that the allegations of the indictment as to the material matter upon which the indictment was based were ambiguous, indefinite or incoherent. The grounds for demurrer were not well taken; and we think that the action of the court in overruling the demurrer was proper.

▮▮ We think that the action of the learned trial judge in overruling the motion to recuse or disqualify himself on the alleged ground that he had prejudged the defendant on the perjury charge was also correct. The trial judge was not disqualified because of interest in the outcome of the case. His action in committing the defendant to the custody of the sheriff to await the action of the grand jury on a charge of perjury was taken under the authority of Section 2479, Code of 1942; and action thus taken by a trial judge in a perjury case shows no such prejudice or bias as would disqualify him from performing his duties as a trial judge in the case after an indictment has been returned by the grand jury.

▮▮ During the trial Lillian Merchant, who was known as Tom Clanton's wife, testified as a witness for

the defendant, and while she was testifying on direct examination she was asked to tell the jury whether or not she saw Andrew McGee in and around the cafe at any time during the day Major Warner was alleged to have purchased some whiskey from the defendant. The witness stated that she had seen Andrew McGee in the cafe that day, about 11 o'clock, and that Andrew and Major Warner came into the cafe and Andrew asked the witness where Tom was. The court interrupted the witness at that point and stated that "this evidence has nothing to do with this trial". The district attorney thereupon objected to the testimony, and the court sustained the objection.

The court's action in sustaining the objection to this testimony was erroneous. The testimony should have been admitted, and in fact was admitted by the court immediately thereafter, notwithstanding the ruling first announced by the court; and the witness was permitted to testify fully as to the matters concerning which she was being interrogated. The error committed by the court in sustaining the objection to the testimony in the first instance was therefore cured by the admission of the testimony immediately thereafter.

Appellant complains that the court refused to grant appellant's Instruction No. 3, which, in the form requested, reads as follows: "The court instructs the jury for the defendant that each and every material averment as laid in the indictment must be proven by the testimony of two witnesses, or by one witness and corroborating circumstances, beyond all reasonable doubt to every man of this jury, or you must return a verdict of not guilty." The court offered to give the instruction with an amendment substituting "Each and every material averment as to the falsity of defendant's testimony at former trial", for "each and every material averment". But the defendant refused to accept the instruction as thus amended.

We think that there was no error in the court refusing the instruction as requested by defendant. █ The rule requiring that the guilt of a defendant indicted for the crime of perjury be proved by the testimony of two witnesses, or the testimony of one witness and corroborating circumstances, applies to the false swearing charged in the indictment. Brown v. State, 57 Miss. 424; Lee v. State, 105 Miss. 539, 62 So. 360. In the case of Lee v. State, supra, the court held that, in a prosecution for perjury, the State in order to make out its case must produce two witnesses or one witness with corroborating circumstances to aid the evidence of such witness as to the false swearing charged.

In the case of Whittle v. State, 79 Miss. 327, 30 So. 722, the court held that if a conviction of perjury be sought only on the ground that the defendant knew nothing of, and was not present at the scene of, the transaction about which he gave testimony, it is essential to his conviction that the state prove by two witnesses, or by one witness and corroborating circumstances, beyond a reasonable doubt arising from the evidence, that the defendant was not present at the scene. In the case of Saucier v. State, 95 Miss. 226, 48 So. 840, 841, the court said that ''the state ought always, on a charge of perjury, somewhere in its own charges, to state the quantum of proof necessary, in order that the law of the case may be properly given.''

In the case that we now have before us the requirements laid down in the cases of Whittle v. State, supra, Saucier v. State, supra, and Lee v. State, supra, were fully met. The state's first instruction made it clear to the jury that the perjury charge itself must be established beyond a reasonable doubt by the testimony of not less than two witnesses or by the testimony of one witness and corroborating circumstances.

Neither do we think that there was error in the court refusing to grant Instruction No. 4 requested by the defendant. The meaning of the instruction is not clear;

and the instruction, if it had been granted, would have had a tendency to confuse and mislead the jury in their consideration of the case.

At the conclusion of the evidence the district attorney moved the court to amend the indictment by substituting the words "Town of Flora v. Tom Clanton" for the words "State of Mississippi v. Tom Clanton," so as to conform to the proof adduced in the trial of the cause. The court ruled that the amendment should be allowed, and the amendment was properly inserted in the indictment with ink of a different color from that used in the writing of the indictment. The defendant in his assignment of errors and in his brief contends that such amendment should not have been allowed. ▮▮ We think that the action of the court in allowing the State to amend the indictment so as to show correctly the style of the case referred to in the indictment was proper. Section 2532, Code of 1942; Slade v. State, Miss., 119 So. 355.

Finally, appellant's attorney has assigned as error the failure of the court to take some action upon two remarks made by the district attorney in his argument of the case before the jury. During his argument to the jury a special bill of exceptions shows that the district attorney said, "When and if O. D. Massey wants to change his plea of 'not quilty' to 'guilty' I am going to recommend the sentence of one year in the penitentiary." And, later, the district attorney made the statement in his argument that "he (the defendant) went to Jackson and got O. D. Massey to swear to a lie, and I expect he got Andrew McGee to do the same."

Appellant's attorney requested a special bill of exceptions on each of the above mentioned remarks of the district attorney, and a special bill of exceptions was prepared and signed by the judge. The record shows that nothing further was said or done concerning the above mentioned remarks of the district attorney, and no further action seems to have been requested on account of the remarks thus made. The remarks thus made by

the district attorney did not constitute sufficient grounds to justify the court ordering a mistrial, nor do they constitute sufficient grounds for a reversal of the case on appeal.

We find no reversible error in the record, and the judgment of the lower court is affirmed.

Affirmed.