HAMPTON *v.* STATE.

[96 South. 166. No. 23171.]

1. SEARCHES AND SEIZURES. *Constitutional prohibition against unreasonable searches and seizures held not to refer to unauthorized acts of private persons.*

The prohibition against unreasonable searches and seizures contained in section 23 of the state Constitution of 1890 is intended to prevent such as are made through governmental agencies, and has no bearing on the unauthorized acts of private persons.

2. CRIMINAL LAW. *Judgment not reversed for erroneous instruction unless complaining party prejudiced.*

A judgment should not be reversed because of the granting of an erroneous instruction unless the party complaining thereat was prejudiced thereby.

APPEAL from circuit court of Wilkinson county.

HON. R. L. CORBAN, Judge.

Mose Hampton was convicted of burglary and he appeals. Affirmed.

*P. M. Stockett,* for appellant.

Did the learned court err in overruling the motion to exclude the testimony of all the state's witnesses as to what they saw or found in the home of the defendant? I will consider both of these propositions together.

In the first place the record shows on the face of the same by direct and positive testimony, especially for the state, that there was no search warrant had to make this search by any of the witnesses for the state. Also that the defendant Mose Hampton was not there present at the time of the unlawful search.

With a careful comparison of the facts and the law in this case with the facts and the law in the case of *Tucker* v. *State,* 128 Miss. 224, we will readily see that this case and *Tucker* v. *State,* so far as the facts are concerned in determining the law, are similar in every respect with the following exception: "In the case of *Tucker* v. *State,* a constable and his assistant, officers of the law, made an unlawful search of the home of Tucker, without a search warrant, and there saw, found, and took a still and a quantity of distilled whiskey from his home without his consent and without any legal authority. This testimony was admitted over defendant's objection, and on appeal to this honorable court the case was reversed and the defendant discharged."

In the case at bar we see the manager of a wealthy landlord's plantation, armed not with a legal search warrant but with a weapon, going into the defendant's home, yes his sacred home, even though he is a poor negro tenant, while he is not there, without his consent, without any living person's consent, making an unlawful search, calling the prosecuting witness John Love into that home, humble

cabin though it was, and then and there taking certain property therefrom, without any authority or semblance of authority, bring that testimony before the grand jury and the petit jury and as a result, the defendant is today branded as a criminal, lingering behind the penitentiary walls of the great state of Mississippi. Is that right? Is that the law is construed by this honorable court? Are not sections 23 and 26 of the Constitution of the state of Mississippi violated by this conviction? If so, this case should be reversed and defendant discharged.

In support of appellant's contention that the court below committed grave and reversible error in admitting testimony as to what was seen and found in defendant's home over his objections, and motions to exclude, he would respectfully cite the well reasoned, and recent case decided by this honorable court, namely: *Tucker* v. *State,* 128 Miss. 211 to 224, and the following citations therein contained in the opinion: *Boyd* v. *U. S.,* 116 U. S. 616, 29 L. Ed. 746; *Entick* v. *Carrington,* 19 Howell, St. Tr. 1029; *Silverthorn Lumber Co.* v. *U. S.,* 251 U. S. 385, 64 L. Ed. 319; *Gould* v. *U. S.,* 255 U. S. 298, 45 Sup. Ct. 261; *Amos* v. *U. S.,* 255 U. S., 313, 41 Sup. Ct. 266.

*S. C. Broom,* special assistant attorney-general, for appellee.

It will be observed that this alleged unlawful search and seizure was made not by any officer of the law, but by the foreman in charge on that plantation, and by John Love, the man who had suffered at the hands of his neighbor. Therefore the law of search and seizure is not involved, and the rule laid down in the Tucker case does not apply, because the law of search and seizure has no application to individuals acting without authority of law. We find cn page 704 of 24 Ruling Case Law, under the subject of search and seizure, the following: "It has no application to individuals acting without authority of law. The constitutional prohibition, being intended to prevent such as are

made through government agencies, has no bearing on the unauthorized act of private persons or of petty officers of the law, citing *Williams* v. *State,* 100 Ga. 511, 28 S. E. 624, 39 L. R. A. 269; *Weeks* v. *United States,* 232 U. S. 383, 58 U. S. (L. Ed.) 652; *Cohn* v. *State,* 120 Tenn. 61, 109 S. W. 1149, 17 L. R. A. (N. S.) 451.

In the case of *Williams* v. *State, supra,* on page 272, 39 L. R. A. the court said: "For the misconduct of private persons acting upon their individual responsibility and of their own volition, surely none of the three divisions of government is responsible. If the constitutional rights of a citizen are invaded by a mere individual, the most that any branch of government can do is to afford the citizen such redress as is possible and bring the wrongdoer to account for his unlawful conduct."

It therefore appears that in the present case, these people were, at most, trespassers, but they were not officers of the law or representatives of the government. They did not break and enter; they did not humiliate by means of arrest; they did not coerce by legal power or under color of law. They acted as individuals. They were not after evidence; they were after the bacon and they brought it home. Thus, it will be seen that justice can be done and the rule of law as laid down in the Tucker case, need not be violated.

The perfect scheme of all creation is such that the application of any just rule established need not ever result in the miscarriage of justice or a hurt to society. I am convinced that no other assignment of error in the present case is worthy of consideration, that the case will stand or fall solely upon this one proposition, whether or not the evidence obtained in this way was admissible, and I submit that the theory herein advanced, to-wit, that this search and seizure was made by individuals and not by officers of the law, is therefore not within any rule of law bearing upon the law of search and seizure; is the result of sound reasoning as shown by the authorities cited herein, and is based upon the theory that an officer is supposed

to know the law and that an officer of the law would be utterly inexcusable in making a search and seizure without a search warrant, because the officer is supposed to have behind him the whole power of the government and the individual cannot overcome it. But such is not the case as between individuals. We therefore earnestly submit that this case should be affirmed.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a conviction of burglary. The evidence is to the effect that the residence of John Love was broken and entered during his absence and about twenty dollars worth of home cured bacon was stolen therefrom. The manager of the plantation on which the appellant was a tenant and John Love entered the appellant's residence during his absence, but with the consent of his wife, who was then present, and found therein some meat which Love identified as that taken from his residence covered with a sack which Love also identified as having been taken therefrom at the time of the burglary.

On the day of the burglary the appellant was seen going to his residence from the direction of Love's residence with a sack containing some bulky article on his shoulder. The evidence of the plantation manager and of Love as to what they saw while in the appellant's house was admitted over the appellant's objection; the ground of his objection thereto being that the house was entered without his consent and without a search warrant. The admission of this evidence and the granting of an instruction to the state are assigned for error. The instruction is as follows:

"The court instructs the jury for the state that, if they believe beyond a reasonable doubt from the evidence in this case that Mose Hampton feloniously and burglariously broke into the house of John Love with intent to steal therefrom, and did unlawfully take, steal, and carry away meat of any amount and value from said home, then he is guilty as charged, and the jury should so find."

The evidence complained of was properly admitted for the prohibition against unreasonable searches and seizures contained in section 23 of the state Constitution is "in tended to prevent such as are made through governmental agencies, and has no bearing on the unauthorized acts of private persons." 24 R. C. L. 704; *Weeks* v. *U. S.,* 232 U. S. 383, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834 Ann. Cas. 1915C, 1177; *Williams* v. *State,* 100 Ga. 511, 28 S. E. 624, 39 L. R. A. 269.

The ground of the objection to the instruction complained of, as stated in the brief of counsel for the appellant is that "it omits anything as to the ownership of the property and does not tell the jury that the defendant had to feloniously and burglariously take, steal, and carry away the property." Assuming for the sake of the argument that the instruction is erroneous in these particulars, the error was harmless for the reason that it appears from the evidence, without conflict therein, that Love's house was burglarized, and some meat belonging to him was stolen therefrom, and the only question which the jury was called on to decide was whether or not the appellant was the guilty party. An erroneous instruction will not justify the reversal of a judgment unless the party complaining thereat was prejudiced thereby. *Jones* v. *State,* 104 Miss. 871, 61 So. 979, L. R. A. 1918B, 388.

*Affirmed.*