CUTRER *et al. v.* STATE.

(Division B.   Dec. 7, 1931.)

[138 So. 343.   No. 29560.]

Jas. A. Wiltshire, of Magnolia, for appellants.

**Eugene B. Ethridge**, Assistant Attorney-General, of Jackson, for the State.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellants were convicted for the unlawful possession of intoxicating liquors, and from such conviction appealed here.

It appears that during November, 1930, the appellants were passing through the town of Osyka in Pike county, Mississippi, about 8 or 8:30 in the evening. Their route carried them past a corner drug store in which a number of young men of the community were assembled. Evans was driving the car, and, on approaching the drug store, the car was directed to cross a railroad crossing, traveling east. In attempting to go over this crossing, the driver failed to stay upon the passageway, and ran into a bank or obstruction. Seeing the predicament the car and the driver were in, some of the young men and also the night watchman of Osyka went over to the place where the appellants were standing to render assistance. These men pushed the car over the bank, and in doing so a bean hamper or crate was thrown out of the truck or car into the arms of some of the parties assisting the driver out of his place of trouble. The car proceeded a short distance, and the driver got out and returned to the bean hamper.

The evidence is conflicting as to who first went into the bean hamper; whether it was the night watchman or some of the young men, or whether it was one of the appellants. Anyway, the cover was removed from the hamper, and intoxicating liquors were taken therefrom. Some of the testimony shows that this was done by one of the appellants. It does not appear clearly whether the night watchman was a police officer or not, but at all events he had no search warrant.

When the cover was removed and the liquor exposed, the watchman arrested the appellants, and took charge of the liquor; there being two gallons of liquor in the bean hamper.

It is settled in this state that the acts of a private individual in wrongfully searching the effects of a person do not exclude the evidence obtained by such search. Hampton v. State, 132 Miss. 154, 96 So. 165, 166. In the trial below, the court, in overruling the motion to exclude the evidence and to grant a peremptory instruction, said: "It is plain that neither of the witnesses in this case are officers, the witness Williams and other witnesses except the witness Smith are young men, not officers, and whether the night watchman in the town of Osyka is an officer this court does not know. The court is of opinion that the suggestion that the contents of this hamper was discovered by a search is not clearly and certainly established. It is just as reasonable an inference from the proved facts that the discovered contents of the hamper was ascertained in a bona-fide effort to aid these men who were traveling and whose car had gone into a depression so that it could not be moved. It was in aiding these defendants to extricate themselves from the situation that revealed the presence there of liquor and not a search either of the car or the persons of defendants or anything connected with the defendants. Therefore the motion is overruled."

We find no error in the trial below that would warrant us in reversing the judgment; it is therefore affirmed.

Affirmed.