## J. D. DRUMMOND *v.* STATE.

[60 South. 138.]

1. CRIMINAL LAW. *Receiving stolen goods.* *Instructions.* *Harmless error.*

On a trial for receiving stolen goods, it was error for the court to give for the state an instruction that "guilty knowledge is often not capable of direct proof, that it is a conclusion to be drawn from all the facts and circumstances in the case, and if the jury are satisfied from the facts and circumstances that the defendant received or bought the meat and converted it to his own use, when he had knowledge or had good reason to believe it was stolen property, then they will find him guilty."

2. SAME.

Where no other verdict than that of guilty could have been reached by the jury from the facts in evidence, the verdict will not be set aside on appeal because of the giving of an erroneous instruction on circumstantial evidence.

APPEAL from the circuit court of Hinds county.

HON. W. A. HENRY, Judge.

J. D. Drummond was convicted of receiving stolen goods and appeals.

The facts are fully stated in the opinion of the court.

*Powell & Thompson,* for appellant.

The court gave the following instruction for the state:

"No. 2. The jury are instructed that guilty knowledge is not often capable of direct proof; that it is a conclusion to be drawn from all the facts and circumstances in the case, and if the jury are satisfied from the facts and circumstances that the defendant received or bought the meat and converted it to his own use when he had knowledge or had good reason to believe it was stolen property, then they will find him guilty."

The court will observe that in this case the jury are not required to believe beyond all reasonable doubt but

simply to be satisfied from the facts and circumstances of his guilt. In the case of *Godwin* v. *State*, 73 Miss. 873, this court says:

"It is error to instruct the jury to find the accused guilty, if they believe 'certain facts from the evidence,' without anywhere charging them that such belief from the evidence should exclude every reasonable doubt."

In the case of *Butler* v. *State*, 83 Miss. 438, Judge TRULY in delivering the opinion of the court says:

"The instruction granted for the state informs the jury that 'if there was a clear intent on the part of the defendant to commit violence on the person of McCulley,' then the jury should find that the assault had been committed. This instruction furnishes no definite legal rule for the guidance of the jury. It does not state that the jury must believe 'from the evidence' that this intent existed, nor that they must so believe 'beyond every reasonable doubt' both of these expressions are absolutely necessary under the facts of this case."

In the case of *Bee W. Jones* v. *State*, 84 Miss. 194, this court says:

"An instruction authorizing the conviction of a defendant if the minds and conscience of the jury are fully satisfied of his guilt, is erroneous; and the jury should not convict unless satisfied of defendant's guilt beyond every reasonable doubt arising from the evidence."

Again we say that this instruction has been frequently condemned by this court for the reason that the evidence in this case is circumstantial evidence and this instruction fails to state that the guilt of the defendant must be shown beyond a reasonable doubt and exclude every other reasonable hypothesis than that of guilt.

This court says in the case of *Perminter* v. *State*, 99 Miss. 463:

"Proof of guilt by circumstantial evidence consists in the proof of facts from which guilt is inferred. The fact of guilt is arrived at by process of reasoning and deduction from the proven facts."

In this case the only evidence that defendant knew, or had reason to believe, that the meat in question was stolen is derived from the circumstances under which it was bought and the proven facts that the party from whom it was bought had stolen it. In other words the fact of defendant's guilt is arrived at by process of reasoning and deduction from the proven facts and therefore purely circumstantial.

In the case of *Williams* v. *State*, 95 Miss. 671, this court says:

"It is elementary law that a conviction may be had on circumstantial evidence alone, when by it guilt is proven beyond a reasonable doubt, but it is also elementary that before such evidence can be said to prove the guilt beyond a reasonable doubt it must exclude every other reasonable hypothesis than that of guilt."

In the case of *Geo. Miller* v. *State*, 99 Miss. 226, this court says that an instruction is fatally erroneous, although it states that the jury might believe beyond every reasonable doubt, when it fails to add that the circumstantial evidence should exclude every other reasonable hypothesis than that of defendant's guilt.

In the case of *Smith* v. *State*, 57 So. (Miss.) 913, the following instruction was given:

"The court instructs the jury for the state that a person may be proved to be a common prostitute by circumstances and if the jury believe from the evidence in this case beyond every reasonable doubt that the defendant is a common prostitute, then it is their duty to find the defendant guilty as charged although there may be no direct evidence of sexual intercourse."

Judge SMITH in delivering the opinion of the court says:

"The granting of this instruction was fatal error for the reason that it omits the necessary qualifications that circumstantial evidence, in order to prove beyond a reasonable doubt, must exclude every other reasonable hypothesis than that of guilt." Citing *Perminter* v. *State*, 54 So. 949; *Erving* v. *State*, 56 So. 377.

*Ross Collins*, attorney-general, for appellee.

Appellant contends that the court erred in granting the following instruction:

"The jury are instructed that guilty knowledge is not often capable of direct proof; that it is a conclusion to be drawn from all the facts and circumstances in the case, and if the jury are satisfied from the facts and circumstances that the defendant received or bought the meat and converted it to his own use when he had knowledge, or had good reason to believe it was stolen property, then they will find him guilty."

I will not trouble the court with an extended argument with reference to this instruction, but will simply say that the supreme court of this state upheld this same identical instruction word for word. The court in passing on this instruction, together with others, said, "We find no error in the instruction." *Frank* v. *State*, 67 Miss. 127.

Cook, J., delivered the opinion of the court.

This defendant was tried and convicted upon an indictment charging him with receiving property, knowing the same to have been stolen.

On the trial, the court gave the following instruction to the jury: "The court instructs the jury that guilty knowledge is not often capable of direct proof; that it is a conclusion to be drawn from all the facts and circumstances in the case, and if the jury are satisfied from the facts and circumstances that the defendant received or bought the meat, and converted it to his own use, when he had a knowledge, or had good reason to believe, it was stolen property, then they will find him guilty." The giving of this instruction was clearly erroneous; but we think, from all the testimony in this case, including that of the defendant himself, no honest and reasonable jury could have rendered any other verdict than the one rendered in the case.

The case is therefore affirmed.

*Affirmed.*