JOHN HOSKINS v. STATE.

[63 South. 671.]

1. CRIMINAL LAW. *Appeal. Correction of transcript. Variance. Objection below.*

   Where the stenographer's transcript of the evidence in a case makes a witness call the defendant by a name other than that named in the indictment, it was improper for the stenographer under the instructions of the trial court to change the name to correspond with the indictment.

2. CRIMINAL LAW. *Appeal. Variance. Objection below.*

   Where a defendant appears and pleads not guilty to an indictment and witnesses refer to him by another name than that set out in the indictment and the defendant does not bring such variance to the court's attention or disclose his real name, he cannot on appeal claim error for such variance.

APPEAL from the circuit of Adams county.
HON. E. E. BROWN, Judge.

John Hoskins was convicted of selling intoxicating liquors and appeals.

The facts are fully stated in the opinion of the court.

*S. Beekman Lamb,* attorney for appellant.

*Geo. H. Ethridge,* assistant attorney-general, for the state.

COOK, J., delivered the opinion of the court.

Appellant was convicted upon an indictment charging him with the offense of selling intoxicating liquors.

It appears that the transcript of the stenographer's notes filed with the clerk of the circuit court makes the witnesses call the defendant "John Hardkins," and the transcript as originally filed in this court is to the same effect. It seems, further, that the court stenographer (acting under the orders of the judge, as he states) corrected the transcript here, so as to make same conform to the facts, by writing "John Hoskins" wherever the name of "John Hardkins" appeared.

It was improper to correct the transcript in this way, and we will therefore consider the case as though "John Hardkins" was the name by which the witnesses called the defendant.

We are unable to now say whether the defendant's name is "Hoskins" or "Hardkins," and we do not believe that it is important whether it was the one or the other. If his name is Hardkins, he should not have appeared and pleaded not guilty to an indictment charging another man than himself with a violation of the law. If his name is really Hoskins, and the witnesses by mistake "called him out of his name," he should have called the court's attention to the fact, and his identity could have been settled then and there.

Appellant, even now, seems to be averse to taking this court into his confidence by disclosing to us his real name. He writes into the body of his appeal bond (a certified copy of which is attached to his brief) both Hardkins and Hoskins, but draws a pen through Hardkins, and then signs his name "John Hardkins," and thus "leaves us still in doubt as to whether the snake was going in or coming out."

It seems perfectly clear, from the record, that the man who is claiming here to have been unjustly treated by the court and jury of Adams county is the same man who

was tried at Natchez, and who was identified by the witnesses as the man who sold the "booze," or he would have raised some question about it in the trial court.

*Affirmed.*