## THE STATE v. FRANK EBBELER, Appellant.

### Division Two, June 4, 1920.

1. **OBTAINING STOLEN GOODS: Measure of Knowledge: Instruction.** In the trial of a defendant charged with having received a stolen automobile, knowing the same to have been stolen, an instruction telling the jury that "by the word 'knowing' that the property was stolen is not meant absolute personal and certain knowledge on the part of the defendant that the property had been stolen, but such knowledge and information in his possession at the time he received the same as would put a reasonably prudent man, exercising ordinary care, on his guard, and would cause such a man, exercising such caution and under circumstances which you believe defendant received the property, to believe and be satisfied the property had been stolen," is erroneous. It authorizes a conviction though defendant may not have had guilty knowledge that the property had been stolen. The test is not what a reasonably prudent man, exercising ordinary care, would have believed and known from the circumstances attending the receipt of the stolen property, but what the defendant knew and believed. [Overruling State v. Kosky, 191 Mo. 1.]

2. **INSTRUCTION: Copied in Opinion.** The fact that an instruction is copied into the statement of a reported case and not condemned by the opinion does not justify a conclusion that it was approved. No one is warranted in assuming that the court passed upon anything other than the matters discussed in the opinion.

3  RECEIVING STOLEN GOODS: Intent: No Instruction. In a trial
of a defendant charged with receiving stolen goods, knowing them
to have been stolen, there is no need of an instruction requiring
the finding of criminal intent. If the instruction requires the jury
to find that the automobile had been stolen and that defendant
received it knowing it had been stolen, it requires them to find
the gravaman of the offense, and no further intent is required.

Appeal from St. Louis City Circuit Court.—*Hon. Charles B. Davis,* Judge.

REVERSED AND REMANDED.

*Thos. B. Harvey* for appellant.

(1) Prejudicial error was committed in the instruction stating that the defendant had knowledge that the car was stolen if a reasonably prudent and cautious man would have known, under the same circumstances, that it was stolen. Kasle v. United States, 147 C. C. A. 561; Peterson v. United States, 130 C. C. A. 400; Konda v. United States, 166 Fed. 93; Case Note, 22 L. R. A. (N. S.) p. 833. (2) The instruction defining the offense of receiving was erroneous in failing to require a criminal intent. 1 Bishop's New Cr. Law. (8 Ed.), sec. 287; Vol. 2, Ib. sec. 1138; Bishop's Stat. Crimes (3 Ed.), sec. 132; 2 Wharton Cr. Law (11 Ed.—Kerr), pp. 1464-5; 34 Cyc. 527 (b) and 530-D; Clark Cr. Law (1 Ed.), p. 287; State v. Sweeten, 75 Mo. App. 133.

*Frank W. McAllister,* Attorney-General and *George V. Berry,* Assistant Attorney-General, for respondent.

(1) The instructions correctly declared the law. They should be judged together and not singled out and attacked without regard to their relation to other instructions. State v. Douglas, 258 Mo. 291; State v. Weinberg, 245 Mo. 575; State v. Montgomery, 230 Mo. 671; State v. Walker, 194 Mo. 263; State v. McKenzie, 177 Mo. 715; State v. Mathews, 98 Mo. 130. (2) Instruction 2 explained to the jury what knowledge was necessary for defendant to possess in order that he

might know the goods were stolen when he received them. State v. Cohen, 254 Mo. 457; State v. Weinberg, 245 Mo. 570; State v. Sakowski, 191 Mo. 643; State v. Kosky, 191 Mo. 6. (3) Instruction No. 3 advised the jury that mere suspicion of the goods being stolen was not sufficient and told them what was necessary to put defendant upon his guard. State v. Cohen, 254 Mo. 456; State v. Kosky, 191 Mo. 1, 6; State v. Sakowski, 191 Mo. 643; State v. Smith, 37 Mo. 64.

WILLIAMS, P. J.—Upon an indictment charging him with receiving a stolen automobile, knowing the same to have been stolen, defendant was convicted in the Circuit Court of the City of St. Louis and his punishment fixed at two years' imprisonment.

In appellant's brief no point is raised as to the sufficiency of the evidence. Only two errors are assigned, and they have to do with the giving of instructions. Such facts as are necessary to an understanding of the issues presented will be stated in the course of the opinion.

I. The court's Instruction No. 2 which is attacked by appellant is as follows:

"By the term 'knowing' that the property was stolen is not meant absolute personal and certain knowledge on the part of the defendant that the property mentioned in the indictment had been stolen, but such knowledge and information in his possession at the time he received the same, if you believe he did receive it, as would put a reasonably prudent man, exercising ordinary caution, on his guard and would cause such a man exercising such caution, and under circumstances which you believe defendant received the property, to believe and be satisfied that the property had been stolen.

Guilty Knowledge.

"The mere naked fact of the possession of said property by the defendant raises no presumption that the defendant knew that said property had been stolen by another."

It is contended that the above instruction is erroneous in that it permits a conviction, even though the defendant may not have had guilty knowledge that the property had been stolen.

It will be noticed that the instruction does permit a conviction if the facts were such as (in the opinion of the jury) would have caused a reasonably prudent person, exercising ordinary caution, to have believed that the property had been stolen at the time received.

We are inclined to the view that this point is well taken and that the learned attorney representing the appellant is correct in stating that ''the question is not what some other person would have believed and known from the circumstances attending the receipt of the property, but what did this defendant believe and know.''

In the case of Kasle v. United States, 147 C. C. A. 552, the Circuit Court of Appeals for the Sixth Circuit, had before it this identical question. The language used in condemning a like instruction is so clear and concise that we feel justified in quoting the following excerpt therefrom:

''Plainly such tests as these of guilty knowledge on the part of the accused subjected him to a standard of conduct and of capacity to detect crime, which the jury might conclude to be the standard of reasonable and honest men of average intelligence when acting under circumstances like those which might be found to have existed here. The effect of such tests was to charge the accused with guilty knowledge or not upon what the jury might find would have induced belief in the mind of a man such as they were told to consider, rather than the belief that was actually created in the mind of the accused; or, at last, the accused might be condemned even if his only fault consisted in being less cautious or suspicious than honest men of average intelligence are of the acts of others. The result of the rule of the charge would be to convict a man, not because guilty, but because stupid. The issue was whether the accused had knowledge—not whether some other person would

have obtained knowledge—that the goods had been stolen. The circumstances must have had that effect upon the mind of the accused, to constitute knowledge in him. The issue must be determined upon the individual test of the accused. It may well be that the tests stated in the charge are proper enough to fix civil liability for the acts or omissions of a defendant, but hardly to fasten upon him an intent to commit a felony. There is some conflict in the decisions upon this subject, but we think the tests of the charge are opposed to the clear weight of authority; this may be fairly illustrated by the following: State v. Alpert, 88 Vt. 191, 204; Peterson v. United States, 213 Fed. 920, 922, 923, 130 C. C. A. 398 [C. C. A. 9]; State v. Rountree, 80 S. C. 387, 391, 22 L. R. A. (N. S.) 833; State v. Daniels, 80 S. C. 368, 371; State v. Goldman, 65 N. J. Law, 395, 397; Cohn v. People, 197 Ill. 482, 485, 64 N. E. 306; Robinson v. State, 84 Ind. 452, 456; State v. Denny, 17 N. D. 519, 525, 526; Forrester v. State, 69 Tex. Cr. 62, 152 S. W. 1041, 1042; Pickering v. United States, 2 Okl. Cr. 197, 101 Pac. 123, 124; Drummond v. State, 103 Miss. 221, 224, 60 South. 138.''

Further discussion or citation of authority is, we think, entirely unnecessary to establish clearly the grave error which this instruction contains, but in passing it is necessary that we refer to some former decisions of this court which might be thought to indicate a contrary view.

In support of his contention that the instruction is proper the learned Attorney-General cites State v. Cohen, 254 Mo. 437, l. c. 457; State v. Weinberg, 245 Mo. 564, l. c. 570; State v. Sakowski, 191 Mo. 635, l. c. 643; State v. Kosky, 191 Mo. 1, l. c. 6.

A mere reference to State v. Cohen will disclose that the case is nowise in point. Neither is the case of State v. Weinberg, supra. In the latter case the point under discussion was the sufficiency of the evidence to support the verdict. This is also true of the case of State v. Richmond, 186 Mo. 71, which is cited in the Weinberg case. The question as to the sufficiency of

the evidence to support a verdict is an entirely different proposition from the one now involved in the instruction under review. There might be sufficient evidence to sustain a conviction and yet the jury might not believe it or might not draw therefrom the necessary inference of fact which forms the basis of a conviction. The facts which the instruction in the case at bar requires to be found are at best nothing more than facts from which the ultimate and necessary fact of guilty knowledge *might be inferred.* The instruction relieves the jury of finding or inferring this ultimate fact which is necessary for them to find before convicting the defendant.

In the case of State v. Sakowski, supra, an instruction similar to the one under review is found copied on page 643 of that opinion, together with numerous other instructions. Why the instruction is so copied is not apparent. No point seems to have been made concerning this instruction and no discussion concerning the same is to be found in the opinion. It appears to have at one, time been the practice in this court to copy all of the instructions in a case into the statement of facts, even though no point was raised concerning the instruction. This practice, now long since discontinued has undoubtedly been the source of much confusion among the members of the bar, who in many instances have drawn the conclusion that since an instruction was copied into the statement and not condemned by the opinion, therefore it must have been approved by the court. There is no justification, however, for such a conclusion and no one is warranted in assuming that the court has passed upon anything other than the matters discussed in the opinion. This case then should not be considered as in point.

In the case of State v. Kosky, supra, an instruction almost identical with the one under review is found copied on page 6 of said opinion. On page 17 of the opinion we find this language to-wit: "The instructions, as applicable to the first count in the information, are free from objection." It thus appears that the question did not receive specific attention or discussion

at that time and we doubt very much if the question now presented was at that time called to the attention of the court. This is the only opinion of this court which we have been able to find which in any manner undertakes to approve the instruction. In so far as this case undertakes to approve the instruction under review it is hereby expressly overruled.

II. Appellant further contends that the instructions given failed to require the finding of a criminal intent. We are unable to agree with this contention. Instruction One required the jury to find that the automobile had been stolen and that defendant received the car knowing the same to have been stolen. Under the well settled rule in this State the above requirements constitute the gravamen of the crime and further intent is not required. [State v. Cohen, 254 Mo. 437, l. c. 452 and cases therein cited.]

Intent.

Because of the error discussed in Paragraph I above it follows that the judgment should be reversed and the cause remanded.

It is so ordered. All concur.