## THE STATE v. MICHAEL SCHNURR, Appellant.

Division Two, December 1, 1920.

1. **STOLEN GOODS: Instruction: Defining Knowing.** For the reason stated in State v. Ebbeller, 282 Mo. 57, the judgment in this case, wherein defendant was charged with receiving stolen property, and wherein the instruction which undertook to define the word "knowing" is identical with the instruction condemned in that case, is reversed.

2. **CONFESSION: Duress: Instruction: Omission of Voluntary.** Where there is an issue of fact as to whether defendant's alleged confession was voluntarily made or made under duress, and the court undertakes to give an instruction on the subject, the instruction should cover the entire law on the subject, and should not omit the question whether the confession or extra-judicial statement was voluntarily made.

3. **INSTRUCTION: Comment on Evidence.** The instruction for the State given in this case is held not to be erroneous as a comment on the evidence, for the reasons stated in State v. Wansong, 271 Mo. l. c. 60.

Appeal from St. Louis City Circuit Court.—*Hon. John W. Calhoun,* Judge.

REVERSED AND REMANDED.

*William E. Fish* and *Roy A. Fish* for appellant.

(1) Instruction No. 2 is bad and is not the law, as said instruction permits a conviction even though the defendant may not have had guilty knowledge that the property had been stolen. It will be noticed that the instruction does permit a conviction if the facts were such as (in the opinion of the jury) would have caused a reasonably prudent person exercising ordinary caution to have believed that the property had been stolen at the time received. The question is not what some other

person would have believed and known from the circumstances attending the receipt of the property, but what did this defendant believe and know.   Kasle v. United States, 147 C. C. A. 552; State v. Ebbeller, 222 S. W. 396. (2)   Instruction No. 4 is bad and is not the law.   The court instructed the jury that "if the defendant made any statement after said offense was committed," etc. The omission of the word voluntary is fatal, for unless a confession is voluntarily given it is absolutely inadmissible as evidence.   State v. Brooks, 220 Mo. 83; State v. Patterson, 73 Mo. 705; State v. Hagan, 164 Mo. 674; State v. Wansong, 271 Mo. 60.   The admitting of the confession was error because it was not voluntary and without hope of immunity.   "They said, "If you got those bonds you had better dig them up; it will be best for you.' "   The defendant was under arrest at the time by the detectives who told him this, and this testimony was not denied by any witness.   This evidence was adduced by the State from its own witness, and on that hope and promise the defendant did confess to receiving part of the bonds.   Instruction No. 4 is again bad as it is a comment on the evidence.   State v. Fickelstein, 269 Mo. 612.   While this instruction was held to be a good instruction in the case of State v. Wansong, 271 Mo. 60, we respectfully contend if Court in Banc held the instruction in the Fickelstein case to be bad, by the same analogy this instruction is a comment on the evidence.

*Frank W. McAllister*, Attorney-General, and *Lewis Hord Cook*, Assistant Attorney-General, for respondent.

Under the ruling in the case of State v. Ebbeller, 222 S. W. 396, instruction number two is defective and the case should be reversed and the cause remanded.

WILLIAMS, J.—Under an indictment charging him with the crime of receiving stolen property, defendant was tried in the Circuit Court of St. Louis, found guilty and his punishment fixed at two years' imprisonment.   Defendant duly perfected an appeal.

The learned Attorney-General has confessed error in the giving of Instruction No. 2, which undertook to define the word "knowing." Upon examining this instruction we find it to be identical with the one condemned in the recent case of State v. Ebbeller, 282 Mo. 57, 222 S. W. 396. For this reason the case must be reversed and remanded.

Appellant also complains of Instruction No. 4, which undertook to declare the law concerning the weight to be given extra-judicial statements of the defendant. The instruction fails to use the word voluntary. In other words, it allows the jury to presume as true any statement which they may find that the defendant may have made against himself without regard to whether the statement was voluntarily made or made under fear or duress. In the present case defendant claims that his alleged confession was made under duress, and there was some evidence tending to support this theory.

Where there is an issue of fact as to whether the confession was voluntarily made and the court undertakes to give an instruction on the subject it should cover the entire law on the subject and should not omit therefrom, as was done in the instant case, the question of whether or not the confession was voluntarily given. This we think the better rule and the one which has the better logic supporting it. [State v. Stebbins, 188 Mo. 387, l. c. 398; State v. Thomas, 250 Mo. 189, l. c. 214 et seq.] This error can be corrected upon the retrial of the case.

The further contention of appellant that instruction four was erroneous because it was a comment on the evidence was ruled against appellant's contention in the recent case of State v. Wansong, 271 Mo. 50, l. c. 60. We see no reason for changing the ruling therein made.

Other errors raised by appellant are not such as will likely occur upon a retrial of the case and it becomes therefore unnecessary to discuss the same now.

For the reasons given above the judgment is reversed and the cause is remanded. All concur.