## SMITH *v*. STATE.

[97 South. 4. No. 23330.]

1. INDICTMENT AND INFORMATION. *Where nature and cause of accusation sufficiently appear from whole indictment, omission by manifest clerical error of otherwise essential word will not render indictment void.*

   Where the nature and cause of the accusation sufficiently appear from the whole indictment, the omission therefrom because of a manifest clerical error of an otherwise essential word will not render the indictment void.

2. CRIMINAL LAW. *Refusal to charge on fact that defendant does not testify in own behalf not erroneous except where prejudicial.*

   Where the defendant in a criminal trial does not testify, an instruction that "The jury must not consider the fact that the defendant did not testify in this case as evidence against him, nor does this fact arouse even a suspicion that he is guilty," etc., may be given on request of the defendant; but a refusal to so charge the jury will require a reversal of a verdict of guilty only when it affirmatively appears from the record that the defendant was prejudiced thereby.

APPEAL from circuit court of Tishomingo county.
HON. C. P. LONG, Judge.

Ernest Smith was convicted of burglary, and he appeals. Affirmed.

*W. J. Lamb,* for appellant.

The court will notice that the indictment when demurred to, and which the court sustained, does not contain the word "away." In other words, there was no crime charged against this appellant with the word

"away" left out, and to allow the same to be inserted was giving life to a nullity, which would make the indictment entirely a new and different indictment to the one on which the appellant was put on trial.

In the case of *Kline* v. *State*, 44 Miss. 317, the court said: "If a material element of the crime or a necessary negation be omitted the indictment cannot by authority of the statute be amended so as to cure the defect." *Wilburn* v. *State*, 101 Miss. 396; *Hughes* v. *State*, 97 Miss. 528, 52 So. 631.

\The case at bar is equally as strong as the case of *Wilburn* v. *State*, *supra*. We submit that the word "away" left out of the indictment, that the indictment was a nullity and there was no crime charged against the appellant, and to allow the amendment was the making and presenting of a new indictment by the court and by the district attorney, which is only permissible under our law to be done by the grand jury. We respectfully submit that to allow the amendment was error. The case should be reversed and the indictment quashed by this court.

Our fifth assignment of error complains at the refusal of charge No. 1 asked by the appellant, which charge is as follows: "The jury must not consider the fact that the defendant did not testify in this case as evidence against him nor does this fact arouse even a suspicion that he is guilty, but the state must prove him guilty beyond every reasonable doubt, and to a moral certainty; and if the state has not done this, then the jury must find the defendant not guilty."

In refusing this charge the trial judge expressed his opinion rather freely and recognized the fact that he was violating the statute when he refused to give this charge, and said furthermore that it would probably cause a reversal of this case. We call the court's attention to what the trial judge said in refusing this charge.

Section 1578, Hemingway's Code, says as follows: "The accused shall be a competent witness for himself in any prosecution for crime against him; but the failure of the accused, in any case, to testify shall not operate to his prejudice or be commented on by counsel."

Now, under this section the appellant was certainly entitled to have this charge given. It cannot be contended it was not prejudicial, nor can it be contended that the appellant was not entitled to the charge under the law. On what theory and why the trial judge refused this charge, we do not understand but it was refused and the trial judge expressed his opinion in regard to the matter, as is shown by the record.

The law said the appellant was entitled to this charge. The trial judge refused to give the appellant what the law said he should have. We respectfully submit that the refusal of this charge was reversible error and that the same should be reversed.

*S. C. Broom,* special assistant attorney general, for the State.

The errors complained of are in substance as follows: (1) That the demurrer should have been sustained and that it was error to permit the amendment by inserting the word "away;" (2) that it was error to refuse the instruction as above set out. Section 1266 of Hemingway's Code, sec. 1508, Code of 1906, provides for the amendment of indictments under certain circumstances and in certain particulars.

In the case of *Peebles* v. *State,* 55 Miss. 434, it is said: "If a defendant do not ask for a continuance upon an amendment of an indictment, he cannot afterwards object that he was surprised and prejudiced in his defense thereby." No continuance was asked for in this case, and there is no pretense that there was a surprise by reason of the amendment.

In the case of *McCearley* v. *State,* 97 Miss. 556, 52 So. 796, an indictment charging burglary was held to be fatally defective for the omission of the word "did" .before the words "then and there," but in that case it could be readily seen that no crime was actually charged in the indictment.

In the case of *Caesar* v. *State,* (Fla.), 39 So. 470, it was held: "That where the omission of a word from an indictment is plainly a mere clerical misprision, and where the meaning is perfectly clear from the context, and consequently that the accused was not misled or embarrassed in making his defense, and not .be exposed to substantial danger of a new prosecution for the same offense, the court should not for that reason reverse a judgment," and cited in support of this view the case of *Dickens* v. *State* (Fla.), 38 So. 909; *State* v. *Whitney,* 15 Vt. 298; *State* v. *Edwards,* 19 Mo. 674; *Abernathy* v. *State,* 78 Ala. 411; *People* v. *Duford,* 66 Mich. 90, 33 N. W. 28. We submit that this is a reasonable and sensible and just rule to be applied in the present case.

We notice in this indictment that while the word "away" was omitted in the first instance, later in the indictment, it was incorporated. So that as a matter of fact, in our opinion the demurrer should not have been sustained in the first place and no amendment was necessary as a matter of fact, because, as stated in the above authority, the meaning is perfectly clear from the context. and consequently the accused was not misled or embarrassed in making his defense, and would not have been exposed to danger of a new prosecution for the same offense, even though the amendment had not been made. In our opinion it is folly to say that he was not sufficiently advised of the offense with which he was charged.

Quoting from the text; 14 R. C. L., section 21, under "Indictments and Informations," we find the following: "The extreme technical accuracy anciently required called forth the remarks of Lord Hale that 'The great,

strict, and unseemly niceties required in some indictments, tend to the reproach of the law, to the shame of the government, to the encouragement of villainy, and to dishonor of God,' '' Citing *Republicia* v. *Newell,* 3 Yeates (Pa.) 407, 2 Am. Dec. 381.

Continuing, however, the text, 14 R. C. L., section 21: ''It is plain, however, that much of the tautology and prolixity which characterized indictments in the early period of criminal procedure can be safely avoided without any infringement of the rights of the accused to demand the nature and cause of the accusation against him, and it is the policy of modern courts to disregard mere technical objections and to require only that a criminal pleading shall fully state the essential elements of the offense charged,'' citing thereunder a great number of authorities.

The next assignment of error presents a question that at first glance would appear serious in its nature. At first glance we would be disposed to say that it was error to refuse instruction telling the jury that failure of the defendant to testify shall not operate to his prejudice.

Under section 1918, Code of 1906, Hemingway's Code, section 1578, and in fact when we read the syllabus of the case of *Funches* v. *State,* 125 Miss. 140, 87 So. 487, it appears that this court held that it was error to refuse to give such an instruction, but when we come to examine the opinion of the court on this case we find on page 152 of 125 Miss. that what the court really held was this:

''We do not say that the refusal of the court to grant the instruction would in all cases result in a reversal, because it might appear manifestly in some cases that the refusal of the instruction resulted in no injury to the accused in his trial. But we think the error in refusing the instruction in this case is reversible for the reason that, coupled with the refusal of the instruction to the defendant, counsel for the state in his argument to

the jury used the following language: "We have never got Neal Funches to talk about this thing; he has always run away from it," and the court held that this improperly called the attention of the jury to his failure to testify.

No such state of affairs, however, existed in the present case.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a conviction of burglary, and the indictment charges that—

The appellant and another "the storehouse of the Burnsville Mercantile Company, a corporation, did feloniously and burglariously break and enter with the felonious intent to feloniously and burglariously take, steal, and carry the goods, chattels, and things of value belonging to said company then and there kept, and nine dollars in money, and certain quantities of tobacco and cigarettes to the value of one dollar, or more, the exact amount being to the grand jurors unknown, all of said money and goods so taken having a value of ten dollars or more good and lawful money of the United States, and all of said money and goods so taken being then and there the property of the said Burnsville Mercantile Company, they, the said John Faust and Ernest Smith, then and there did willfully and feloniously take, steal, and carry away," etc.

A demurrer challenged the sufficiency of this indictment because it charges that the storehouse was broken and entered "with the intent to feloniously and burglariously take, steal and carry the goods, chattels," etc., and not "with intent to feloniously and burglariously take, steal, and carry away the goods, chattels," etc. This demurrer was sustained, but the district attorney was permitted to amend the indictment by inserting the word "away" therein.

· Conceding for the sake of the argument that the word "carry" must be followed by the word "away" in an indictment in order to charge an asportation, its omission here is manifestly a mere clerical error, and that the intent intended to be charged was "to carry away the goods, chattels," etc., sufficiently appears from the allegation charging the commission of the larceny; consequently the appellant was fully informed of the nature and cause of the accusation against him.    The demurrer therefore should have been overruled and the amendment to the indictment was unnecessary.

The appellant did not testify and was refused an instruction that—"The jury must not consider the fact that the defendant did not testify in this case as evidence against him, nor does this fact arouse even a suspicion that he is guilty," etc.

This instruction might properly have been given under section 1918, Code of 1906 (Hemingway's Code, section 1578), but a failure to give it will necessitate a reversal of the verdict only when it affirmatively appears from the record that the appellant was prejudiced thereby. Rule 11 (72 So. vii); *Funches* v. *State,* 125 Miss. 140, 87 So. 487.    All that appears here in this connection is the refusal of the instruction.

There is no merit in any of the other assignments of error.

*Affirmed.*