GORDON *v.* STATE.

(Division A. June 9, 1930.)

|128 So. 769. No. 28652.|

C. O. Jaap and Jack Thompson, both of Jackson, for appellant.

Geo. T. Mitchell, Attorney-General, and Forrest B. Jackson, Assistant Attorney-General, for the state.

Briefs of counsel not found.

McGowen, J., delivered the opinion of the court.

On an indictment for perjury the appellant, Gordon, was tried and convicted, and sentenced to serve a term of eighteen months in the state penitentiary.

The perjury was predicated upon the sworn statement of the defendant in his own behalf on his trial for the possession of intoxicating liquor in the county court of Hinds county, wherein, as a sworn witness on his own behalf, he testified that at a certain time and place he did not have intoxicating liquor in his possession. Two witnesses testified to all the material facts necessary to constitute the complete crime.

The defendant offered no witnesses in his own behalf, but rested the case upon the state's evidence. The witnesses for the state as to all the material facts of the crime of perjury were not impeached or contradicted, and there is not the slightest reason advanced as to why their testimony should not be received regarding the facts in the case. To have disregarded them would have been an arbitrary action on the part of the jury; according to all the evidence, the appellant was guilty as charged.

The only assignment of error we shall note is that in neither instructions for the state nor for the defendant did the court advise the jury as to the quantum of evidence required in a perjury case; that is to say, the court should have charged the jury, somewhere in the instructions for the state, that the crime of perjury must be established by the testimony of two witnesses, or by one

witness and corroborating circumstances. See Brown v. State, 57 Miss. 424; Saucier v. State, 95 Miss. 226, 48 So. 840, 21 Ann. Cas. 1155; Wilbur v. State, 151 Miss. 837, 119 So. 303.

But in the case at bar, where the jury could have reached no other conclusion than that the appellant was guilty as charged, and where the evidence did conform to the rule of law above announced, the error was harmless, and the giving or not giving of the instruction should not have affected the verdict in this case.

In the case of Vance v. State, 62 Miss. 137, this court held that it would not reverse the judgment on a conviction of perjury because of error in the instructions for the state, where the testimony of the defendant, as well as that of other witnesses, clearly evince his guilt. In the Vance case there was one witness who testified to the fact of perjury, in which he was corroborated by the defendant's own testimony, and the court held that, since his guilt was demonstrated by his own testimony, the omission of the rule of law complained of here was harmless error.

In the case at bar, on the evidence, the verdict of the jury was correct; and, although the jury should have been advised as to the quantum of evidence required in a perjury case, it is manifest that the want of it in this case did not harm this appellant, for the reason that the evidence measures up to the requirement of the rule as to the quantum thereof necessary to sustain a conviction. See Smith v. State, 132 Miss. 521, 97 So. 4; Hampton v. State, 132 Miss. 154, 96 So. 165; Drummond v. State, 103 Miss. 221, 60 So. 138, and authorities therein cited.

There is no reversible error in this case.

Affirmed.