JACKSON v. STATE.

(In Banc. Nov. 1, 1940.)

[198 So. 625. No. 34129.]

Earle L. Wingo, of Hattiesburg, for appellant.

W. D. Conn, Jr., Assistant Attorney-General, for appellee.

Ethridge, J., delivered the opinion of the court.

The appellant was tried on a charge of grand larceny in the Circuit Court of Lamar County, convicted and sentenced to serve three years in the state penitentiary, from which judgment he took this appeal.

The only assignment of error is that the Court erred

in refusing appellant a peremptory instruction to find him not guilty. The argument is based upon the fact that the indictment charged that the owner of the stolen property was Amos May, whereas, in the trial of the cause, May, testifying as a witness, gave his name, not as Amos, but as Amburs, commonly called Ambus. There was proof by this witness that he was summoned before the grand jury under the name of Amos May, that he appeared, was examined and testified without disclosing the variance between Amos and Amburs.

There was no doubt as to the witness, May, being the owner of the stolen property, under the testimony. He was fully examined by both the district attorney and the attorney for the appellant as to his name, it clearly appearing that he was the identical person whose property was stolen. The district attorney, however, so far as the record shows, did not amend the indictment; but the trial proceeded to conviction and sentence, and at no stage of the trial was the specific objection made that there was a variance in the given name of the witness, May. Had such objection been made the indictment would have been amended under section 1289, Code of 1930; and the appellant, not having raised the objection specifically, but having only sought to do so by peremptory instruction, is to be considered as having waived that objection. This is specifically held in former decisions of this Court. See Horn v. State, 165 Miss. 169, 147 So. 310; Hale v. State, (Miss.), 176 So. 603; Hoskins v. State, 106 Miss. 368, 63 So. 671; Thomas v. State, 103 Miss. 800, 60 So. 781.

It follows from what we have said that the judgment is affirmed.

Affirmed.