## WIGGINS *v.* STATE.

Nov. 17, 1952

No. 38516          8 Adv. S. 35          61 So. 2d 145

*Wingo & Finch,* for appellant.

*J. T. Patterson,* Assistant Attorney General, for appellee.

LEE, J.

From a conviction for the crime of grand larceny and a sentence of two years in the state penitentiary, Robert Lee Wiggins appeals.

Two errors are assigned: (1) The indictment is totally defective because the property stolen was alleged to be "the personal property of Hattiesburg Hardware Stores"; and (2) the instruction for the State, which followed the language of the indictment, was erroneous.

The proof showed that the Hattiesburg Hardware Stores is a corporation, existing under the laws of Mississippi.

On arraignment, the appellant plead not guilty. No demurrer to the indictment was filed. There was no request for a directed verdict either after the State rested, or when both sides rested. There was no suggestion at any time of a variance between the allegations of the indictment and the proof.

If the District Attorney had sought to amend the indictment in order to show that the Hattiesburg Hardware Stores is in fact a corporation, or if a demurrer had challenged the sufficiency of the allegation as to ownership, or if attention had been called to the variance between the allegations of the indictment and the proof, the trial court, under Section 2532, Code 1942, had authority to order the amendment of the indictment accordingly.

In Jackson v. State, 189 Miss. 672, 198 So. 625, the larceny indictment alleged that the owner of the stolen property was Amos May, whereas May, in his testimony, gave his name as Ambers or Ambus. The District Attorney did not ask to amend, but the case proceeded to conviction and sentence without any specific objection that there was a variance in the name of the owner. The Court there said: "Had such objection been made the indictment would have been amended under Section 1289, Code of 1930; and the appellant, not having raised the objection specifically, but having only sought to do so by peremptory instruction, is to be considered as having waived that objection. This is specifically held in former decisions of this Court."

In Thomas v. State, 103 Miss. 800, 60 So. 781, the accused was indicted for, and convicted of, embezzling property of Henry Jamerson, when the proof showed that the property belonged to Henry and James Jamerson. No question was raised in the trial court. It was first assigned in this Court, and the Court responded as follows: ''The error complained of was not made a ground for special exception in the trial court, and it cannot be made here. Section 4936, Code 1906.'' (Now Section 1987, Code 1942.) See also Horn v. State, 165 Miss. 169, 147 So. 310; Hoskins v. State, 106 Miss. 368, 63 So. 671.

Appellant cites Hampton v. State, 99 Miss. 176, 54 So. 722; McGaha v. State, 173 Miss. 829, 163 So. 442; and Robinson v. State, 180 Miss. 774, 178 So. 588.

In the Hampton case, supra, the accused was charged with the embezzlement of funds of the American Express Company, a Corporation, whereas the proof showed that the express company was a partnership. The question of variance was properly raised in the trial court. The opinion pointed out that the American Express Company, a Corporation, was a materially different concern from the American Express Company, a Partnership, and that ''an indictment for embezzling the funds of one cannot be sustained by proof that the funds belong to the other.''

In the McGaha case, supra, the affidavit failed to charge that the property, which was stolen, belonged to anyone. The Court held that ownership of the property stolen is the essence of the offense, and, without such allegation, a conviction upon such an affidavit is void.

In the Robinson case, supra, the State simply failed to prove that the recovered brass was in fact stolen from the E. L. Bruce Lumber Company as charged in the indictment.

Hence, it will be seen that the foregoing cases on which appellant relies do not constitute authority to sustain the position which he contends for here.

Affirmed.

*McGehee, C. J.,* and *Alexander, Kyle* and *Ethridge, JJ.,* concur.