HILL *v.* STATE

No. 39869 January 16, 1956 84 So. 2d 679

*Kermit R. Cofer,* Water Valley, for appellant.

*Joe T. Patterson,* Asst. Atty. Gen., Jackson for appellee.

ARRINGTON, J.

The appellant, R. V. Hill, was convicted of the crime of grand larceny and sentenced to the penitentiary for a period of one year, from which judgment he appeals.

The appellant first contends that the indictment is insufficient and defective in that it fails to comply with the provisions of Section 26 of the Mississippi Constitution, which requires that the defendant shall be informed of the nature and cause of the accusation against him. The indictment, omitting the formal parts, charges: "R. V. Hill late of the County aforesaid, on or about the 6th day of February 1953, in said County and State, did then and there wilfully, unlawfully and feloniously take, steal and carry away one hay mower, of the value of $75.00, good and lawful money of the United States, then and there the personal property of Ross Brown Barry Brown."

We are of the opinion that this assignment is not well taken. In the case of Jones v. State, 51 Miss. 718, the Court held that an indictment for the larceny of a mule which described the mule as "one mule, the property of William Adkins, of the value of $100," is sufficient. The Court further stated that in an indict-

ment for stealing a horse, it is not necessary to state the color, age, or any other particulars concerning it by way of description, or identity.

 The appellant also contends that the court erred in refusing a requested peremptory instruction on the ground that there was no proof of ownership of the property as charged in the indictment, wherein the indictment alleged ownership in "Ross Brown Barry Brown." In the absence of a demurrer, this was an amendable defect and the appellant can not complain of such defect after verdict. Section 2449, Mississippi Code of 1942, reads as follows:

"All objections to an indictment for a defect appearing on the face thereof, shall be taken by demurrer to the indictment, and not otherwise, before the issuance of the venire facias in capital cases, and before the jury shall be impaneled in all other cases, and not afterward; and the court for any formal defect, may, if it be thought necessary, cause the indictment to be forthwith amended, and thereupon the trial shall proceed as if such defect had not appeared." From an inspection of the indictment, it is obvious that the word "and" was omitted between the names Ross Brown Barry Brown.

In the case of Williamson v. State, 167 Miss. 783, 149 So. 795, the Court held that the omission of the word "by" from a robbery indictment was a mere clerical error and was an amendable defect under the provisions of Section 2449, supra, and in the absence of a demurrer could not be complained of after verdict, and cited Neilson v. State, 149 Miss. 223, 115 So. 429; Sullivan v. State, 150 Miss. 542, 117 So. 374; Winston v. State, 127 Miss. 477, 90 So. 177.

In Smith v. State, 132 Miss. 521, 97 So. 4, the Court said: "Conceding for the sake of the argument that the word 'carry' must be followed by the word 'away' in an indictment in order to charge an asportation, its omission here is manifestly a mere clerical error, and that the

intent intended to be charged was 'to carry away the goods, chattels,' etc., sufficiently appears from the allegation charging the commission of the larceny; consequently the appellant was fully informed of the nature and cause of the accusation against him. The demurrer therefore should have been overruled and the amendment to the indictment was unnecessary.''

The requested peremptory was properly refused. Jackson v. State, 189 Miss. 672, 198 So. 625. We have carefully examined the other assignments of error and find them to be without merit.

Affirmed.

*McGehee*, C.J., and *Hall, Kyle* and *Gillespie*, JJ., concur.