## MILLS *v.* STATE

No. 40586 October 14, 1957 97 So. 2d 386

*Stovall Lowrey,* Clarksdale; *Jack N. Tucker,* Tunica, for appellant.

*J. R. Griffin,* Asst. Atty. Gen., Jackson, for appellee.

Arrington, J.

Appellant Alice Mills was convicted in the Circuit Court of Tunica County of grand larceny, for the theft of certain cattle, the property of Abbay-Leatherman, a partnership.

■ ■ The trial court was correct in refusing a requested peremptory instruction for defendant, and in overruling her motion for a new trial. The evidence was ample to sustain the conviction. Her co-indictee, C. W. Webb, an accomplice, testified for the State to establish her part in the crime. Two other accomplices, Muskin and Davis, also testified for the State as to certain parts of the offense. G. W. Dodson testified that around the time in question Webb brought some cattle to his place at night, offering to sell them to him; that he did not see them that night, but upon examining them the next day he discovered that they had the brand "A-L", and he refused to buy them; and that Miss Mills and two negroes came back to pick them up. Appellant denied knowledge of and participation in the crime. The State's evidence warranted the jury in finding appellant guilty.

■ ■ She also contends that the evidence does not support the charge that the cattle were the property of the partnership, and that her motions for a directed verdict and for a new trial should have been granted because of the State's failure to prove an essential element of the crime. The indictment charged that the cattle were the personal property of five partners, naming them, doing business as Abbay-Leatherman, a partnership. One of the partners described the location of the land owned by the partnership, and said that it owned cattle on the place at the time the theft occurred; and that C. W. Webb was an employee of the partnership. The only time any reference to a corporation occurred in the testimony is Webb's reply to a question concerning ownership of the cattle, when he said, "The corporation of Abbay-Leatherman." On the motion for a new trial, appellant introduced a copy of a charter of incorporation

of ''Abbay & Leatherman, Inc.'', dated 1948. Three of the four incorporators are also partners, but there are two partners whose names are not reflected in the charter. Moreover, there is no proof that the corporation owned the property in question, or that it ever became active, or that it had not been dissolved. The State's sole instruction and four of the defendant's instructions clearly submitted to the jury the issue of whether the property was owned by the partnership of Abbay-Leatherman. Considering the testimony of W. A. Leatherman and C. W. Webb, we think it was a question for the jury as to whether the partnership owned these cattle. Moreover, if a variance between the indictment and proof existed, it was an amendable defect. Code of 1942, Sec. 2532; Horn v. State, 165 Miss. 169, 147 So. 311 (1933). And here it was not properly brought to the attention of the trial court before the verdict. Wiggins v. State, 215 Miss. 441, 61 So. 2d 145 (1952).

 There was no reversible error in refusing defendant's motion for a mistrial. The county attorney argued: ''The State made out a perfect case. If we had not. . . . . . you wouldn't be sitting there; the Court would have taken the case from you.'' This was primarily and obviously a statement of opinion by the county attorney that the State had made out a strong case, although it was improper to indicate that otherwise the court would not have submitted the matter to the jury. However, the trial court promptly sustained defendant's objection to the argument, and directed the jury to disregard what was said in that respect. Since the verdict is amply supported by the evidence and no prejudice appears, it was not error to overrule appellant's motion for a mistrial. Pitts v. State, 211 Miss. 268, 51 So. 2d 448 (1951).

 In the cross-examination of defendant, the district attorney, over objections, read from a typewritten statement which apparently had been given by defend-

ant after her arrest, and interrogated her concerning the truthfulness of the statements in it. There was no reversible error in overruling the objections to this cross-examination. Some of it was relevant for impeachment purposes on the issue of whether defendant had been twice or three times to the cattle-loading ramp. Defendant's replies to the cross-examination otherwise were to the effect that the statements in the document were correct. They dealt largely with irrelevant matters, but if error, they were not prejudicial when considered in the light of the permissible scope of cross-examination of an accused.

 Nor is there any merit in the argument that the crime, if any, was embezzlement by C. W. Webb, cattle manager for the partnership, as contrasted with grand larceny. Leatherman testified that Webb was a cattle manager and employee of the partnership, but that he could make sales for it only by authorization from one of the partners. Webb was in fact a mere caretaker, with custody of the property, but subject to supervision and authorization to sell only by one of the partners. The offense was clearly grand larceny. Hemphill v. State, 222 Miss. 516, 76 So. 2d 512 (1954); 32 Am. Jur., Larceny, Sec. 590.

Affirmed.

*Roberds, P. J.,* and *Lee, Ethridge* and *Gillespie, JJ.,* concur.