235 So.2d 923 (1970)
David Scott PIERATT
v.
STATE of Mississippi.
No. 45844.
Supreme Court of Mississippi.
May 11, 1970.
Murray L. Williams, Water Valley, William O. Semmes, Grenada, for appellant.
A.F. Summer, Atty. Gen., by Guy N. Rogers, Asst. Atty. Gen. and John M. Kinard, Sp. Asst. Atty. Gen., Jackson, for appellee.
GILLESPIE, Presiding Justice.
Burglary: Seven years.
*924 The principal assignment of error in this appeal from the Circuit Court of Grenada County is that a fatal variance exists between the indictment and the proof. The indictment charged defendant with breaking and entering "* * * the building leased and occupied by the Sunflower Food Store, a Corporation, doing business as Sunflower Food Store, there situate * * *" with intent to commit larceny. The only proof as to ownership consisted of the testimony of Arnold Stanford, who testified that he was the "manager and owner of Sunflower Food Store" that was burglarized. Defendant cites several cases including Bynum v. State, 242 Miss. 862, 137 So.2d 515 (1962), upon which he strongly relies to support the contention of a fatal variance. In Bynum the record shows that defendant raised the matter of variance during the cross examination of Edd Alexander. Not so in the case now before us, and for this reason the variance may not be successfully raised in this Court. In James v. State, 77 Miss. 370, 26 So. 929 (1899), defendant was indicted for burglary and larceny of a railroad car, which was "the property of Illinois Central Railroad Company, a corporation." In affirming the conviction the Court said:
* * * there is absolutely no testimony whatever in this record as to the existence of the corporation, the Illinois Central Railroad Company, not chartered in this state; and this failure of proof would be fatal if the error had been availed of specifically in the court below. Section 4370 of the code of 1892 required this to be done, and its not having been done forbids a reversal on that ground. Lea v. The State, 64 Miss. 201, 1 So. 51. See the authorities collected in Brame & A. (Miss.) Dig., pp. 1094-1097. The appellant must specify in the court below the error of which he complains. Had that been done in this case, the proof could have been instantly supplied. The verdict is supported by the evidence as to Allen James, and we find, as to him, no reversible error. (77 Miss. at 373, 26 So. at 930).
In Mills v. State, 231 Miss. 641, 97 So.2d 386 (1957), the defendant was convicted of grand larceny and on appeal raised the question of variance between the indictment and the proof as to ownership of the property. This Court held that in order to raise the question in this Court, it must have been raised in the trial court before verdict.
Through the enactment of Mississippi Code 1942 Annotated, Section 1987 (1956), the Legislature has forbidden the reversal of criminal cases "* * * because of any error or omission in the case in the court below, except where the errors or omission are jurisdictional in their character, unless the record show that the errors complained of were made ground of special exception in that court." Section 2532 specifically provides that an indictment charging the ownership of property, either real or personal, may be amended upon such terms as the court shall think reasonable. If defendant in the present case had raised the question of variance between the indictment and the proof then the trial court could have allowed an amendment under appropriate terms. Having failed to do so, defendant may not now raise the issue.
Defendant assigns as error the action of the trial court in the overruling of his motion for a mistrial which was made during argument to the jury. The Special Bill of Exceptions recites the following: During opening argument for the State the county attorney informed the jury in substance "[t]hat defendant came from Ohio and think they can come South and take us * * * At this point defense counsel propounded an objection which was sustained by the trial court; however, defendant's motion for a new trial was overruled. We are of the opinion that this was not reversible error. The statement was not completed, nor are we able to know the context in which it was uttered. This Court will not reverse unless it appears that the argument was such that *925 it might influence the jury in reaching the conclusion of guilt. Bass v. State, 54 So.2d 259 (Miss. 1951). In view of the overwhelming evidence of defendant's guilt it does not appear that the incomplete statement of which complaint is made could have influenced the verdict of the jury.
The Court at the request of the state instructed the jury as follows:
"The Court instructed the jury for the State the you do not have to know that the defendant is guilty of the crime charged in the indictment before you would be warranted in convicting him, all that the law requires is that you must believe from the evidence, beyond a reasonable doubt, that he is guilty of the crime charged, and if you so believe, then it would be your sworn duty to find the defendant guilty as charged."
A number of cases declare that this instruction should not be given and again we repeat this unheeded admonition. However, this Court has also held that the instruction does not constitute reversible error.
Affirmed.
RODGERS, PATTERSON, SMITH and ROBERTSON, JJ., concur.