454 So.2d 486 (1984)
Donnell THAMES
v.
STATE of Mississippi.
No. 54988.
Supreme Court of Mississippi.
July 25, 1984.
Rehearing Denied August 22, 1984.
V.W. Carmody, Jr., Stanfield & Holderfield, Jackson, for appellant.
Bill Allain, Atty. Gen. by Carolyn B. Mills, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and ROBERTSON and SULLIVAN, JJ.
ROBERTSON, Justice, for the Court:

I.
On the evening of January 8, 1982, the business premises of Bourgeois Jewelers in Jackson, Mississippi were burglarized. On March 30, 1982, Donnell Thames, Defendant below and Appellant here, was formally charged with this burglary in an indictment returned by the Hinds County grand jury. The indictment further charged that Thames was a recidivist within the meaning of Miss. Code Ann. § 99-19-81 (Supp. 1983). Thames entered a plea of not guilty to all charges.
On March 17, 1983, this case was called for trial in the Circuit Court of the First Judicial District of Hinds County. That same day, after hearing all of the evidence and receiving the instructions of the Court, the jury found Thames guilty on the principal charge of burglary.
Immediately thereafter, the Circuit Court conducted a non-jury hearing on the recidivism issue. Without contradiction, the evidence established that Donnell Thames had, prior to that date, been convicted of two separate felonies, both burglaries. Accordingly, under the authority of Section 99-19-81 the Circuit Court committed Thames to the custody of the Mississippi Department of Corrections for a term of seven years without eligibility for probation or parole.
From this conviction and sentence, Thames appeals. We affirm.

II.
Thames claims that there was a fatal defect in the indictment in which he was charged. Putting the point another way, Thames urges that there was a fatal variance *487 between the proof and the charge made in the indictment. The error involved was so completely waived that we do not reach its merits, which, to be sure, are hardly apparent.
The indictment charges that Thames burglarized "the store building of Alfred Bourgeois d/b/a Bourgeois Jewelers". The proof at trial established without contradiction that the premises burglarized by Thames were owned by one Adrienne Bourgeois. There was an error in the indictment, one without doubt curable by amendment.
Prior to trial Thames filed no demurrer or motion to quash the indictment. Two weeks less than a year elapsed between the return of the indictment and the date of trial. During that time the deficiency in the indictment now complained of was not mentioned. At trial the state proved that the premises were owned by Adrienne Bourgeois. No objection was made by the Defendant on the grounds that this proof varied from the indictment.
At the end of the State's case defense counsel made a perfunctory motion "to dismiss the charge against the Defendant on the basis of the failure of the state to prove the charge of the indictment". Counsel did not bring to the Court's attention at this point the error in the indictment or the variance between the proof and the indictment. Indeed, when the motion was made the trial judge asked defense counsel if the motion was based upon "anything particular?" to which counsel replied, "No, Your Honor."
At the conclusion of the proof and outside the presence of the jury, the State brought the discrepancy with which we are here concerned to the attention of the Court. In connection with the consideration of proposed Instruction No. S-1, the instruction which outlines the basic charge against Thames, the following colloquy took place.
BY MR. TAYLOR: Your Honor, I have a misprinting there or a mistake in a name I would like to change. Alfred should be Adrienne.
BY THE COURT: Any objections?
BY MR. CHILL: No, Your Honor.
BY THE COURT: It will be given as modified.
Following the jury's guilty verdict and the imposition of sentence by the Court, Thames filed a motion for a new trial. The motion fails to assign the point here under consideration.
The sufficiency of indictments is controlled by Rule 2.05 of the Uniform Criminal Rules of Circuit Court Practice. That rule requires that an indictment contain "the essential facts" so as to "fully notify the defendant of the nature and cause of the accusation against him." While the indictment in issue is arguably sufficient under Rule 2.05, we do not reach this issue, for Thames has wholly waived any right to object to the error in the indictment.
Pieratt v. State, 235 So.2d 923 (Miss. 1970) is factually analogous and legally dispositive. Pieratt holds that
"if defendant in the present case had raised the question of variance between the indictment and the proof then the trial court could have allowed an amendment under appropriate terms. Having failed to do so, defendant may not now raise the issue". 235 So.2d at 924.
See also George v. State, 183 Miss. 327, 332, 184 So. 67, 67-68 (1938) (error in indictment cannot be raised for the first time on appeal). Nothing in Rule 2.05 vitiates the holding of these pre-rule cases.

III.
Thames next charges that he has been denied the effective assistance of counsel as a result of which his conviction must be reversed and the case remanded for a new trial. In order to prevail on such a claim, Thames must show, first, that his counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive him of a fair trial. Strickland v. Washington, 466 U.S. ___, 104 S.Ct. 2052, 80 L.Ed.2d 674, 693-699 (1984); Stringer v. State, 454 So.2d 468, 476 (Miss. 1984). We have *488 carefully reviewed the record of all proceedings in this case. Suffice it to say that we are unable to conclude from the record that Defendant's trial counsel was constitutionally ineffective. See Read v. State, 430 So.2d 832, 841 (Miss. 1983).
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, PRATHER and SULLIVAN, JJ. concur.