BANKS, Justice,
concurring:
I reluctantly concur with the majority, for I, too, would easily have found Hale guilty. It is a job for the jury in the first instance, however, not this Court. We have come up with two rules in perjury eases. One that the two-witness requirement is one that must be conveyed to the jury by instruction in all cases. Nash v. State, 244 Miss. 857, 147 So.2d 499 (1962). The other rule, less frequently stated, is that we can ignore this requirement if we believe that the jury reached the right verdict. Gordon v. State, 158 Miss. 185, 128 So. 769 (1930). The Gordon rule requires this Court to weigh evidence and credibility knowing the proper standard and affirm a jury charged with that responsibility and exercising it blind to that standard. It also avoids a bright line rule of procedure easily and simply met. For these reasons, we should abandon the Gordon rule.
Clearly, one should not be convicted of perjury when the evidence as to the truth of the testimony claimed to be false requires the jury to believe the word of a lone witness in preference to that of the accused. In fact, the rule, in recognition of the principles that the accused cannot be compelled to testify and that the state is required to prove its ease beyond a reasonable doubt, says, in essence, that one witness cannot establish the falsity of the testimony in question, even when pitted against the accused standing mute. Thus the jury, in order to convict, must be told that it must find credible one witness to the falsity and that that witness must be corroborated by a second witness or other circumstances in evidence which the jury also finds credible. If it is not so instructed it has rendered a judgment in the blind as to the law and such a judgment cannot stand. Gordon should be considered overruled. Prosecutors beware — give the two-witness instruction or be prepared to try the matter twice.
SULLIVAN, J., joins this opinion.